LOUIS F. PURSIFULL, JR. *v.* STATE OF INDIANA.

[No. 1-1272A106. Filed September 17, 1973.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Pursifull pleaded guilty to Non-Support of Children and was sentenced to not more than seven [7] years nor less than [1] year of imprisonment pursuant to Acts 1913, ch. 358, § 2, Ind. Ann. Stat. § 10-1402 (Burns 1956). He appeals from the denial of a Petition for Writ of Habeas Corpus which the court considered as a proceeding under Post-Conviction Remedy Rule 1.

Pursifull seeks to have his conviction set aside together with permission to withdraw his plea of guilty. His allegations of error may be incorporated into a single issue for review:

Whether the trial court erred in concluding that Pursifull's uncounselled guilty plea was entered knowingly and intelligently.

On February 7, 1969, Pursifull appeared in court charged by affidavit with the crime of Non-Support. The affidavit and § 10-1402 of Burns Indiana Statutes were read to the defendant. The following exchange then took place between the Judge and Pursifull.

"Q. Do you understand what you're—do you have an attorney?

A. No, sir, I don't think an attorney will be necessary. I'd like to waive my preliminary hearing, if it's possible, and just plead guilty to the charge of non-support.

Q. Now, before you do that—I'll allow you to do it if you want to—but before you do that I want you to know

that if you're not represented by an attorney, you have the right to hire one.

A. Right.

Q. And if you're not working or can't afford one, the court will appoint one for you, so . . .

A. Well, I'm guilty of the charge of non-support, so I would like to waive my preliminary hearing and I know what I'm up against and I know what I can receive.

Q. You think you're pretty well acquainted, then, with the circumstances of the case.

A. Well, like I say, there's two sides to the story but I am guilty of non-support, but there's a few things that—support never has been set, for one thing, and the oldest boy doesn't have my last name, never has had my last name. He was six months old when I got out of jail but I am guilty of not paying support, but it isn't—I haven't had the job as she said I was able to pay support. I haven't been able to to pay support. I've been living on a day-to-day basis most of the time.

\* \* \*

Q. Well, I'll tell you what I'm going to do, I'll accept your plea of guilty."

Pursifull appeared again in court on February 14, 1969 and had the following exchange with the court:

"Q. And you're the same Louis Pursifull, Jr. that appeared before the court on the 7th of February, wherein you entered a plea of guilty. Is that correct?

A. Yes, sir, I entered a plea of guilty but at the time I was confused. I wonder if I could change my plea to not guilty. I don't really believe that I am 100% guilty in this matter.

\* \* \*

Q. What I understand from you then is that the last time you were before the court there was no question about the fact that you were not supporting your family but there is a question now.

A. Nope. Well, all right. I wasn't paying support. I'm guilty of not paying support but I'm not guilty of contemptfully not paying support. I have always in-

tended to pay support. That's the reason I brought her back here.

\* \* \*

Q. And you want to withdraw your plea of guilty and enter a plea of not guilty at this time?

A. Yes, sir.

Q. And you expect this court, then, to appoint an attorney for you?

A. Yes, sir.

Q. All right. It's your case. You are now in jail?

A. Yes, sir.

Q. Any hopes of you making a bond?

A. No, sir.

Q. All right. I'll appoint an attorney for you and have him see you at the jail sometime the first of the week.

A. Thank you, sir."

On February 17, 1969, Pursifull again appeared in court and expressed a desire to renew his plea to guilty.

"JUDGE:

Q. Now, you had originally entered a plea of guilty and then you withdrew that Friday and asked for an attorney. And that I granted.

A. Yes, sir. I wrote the Sheriff a letter Sunday telling him that it would be a waste of time for me to see an attorney. I thought over what you said about a man knowing if he's guilty or not and I am guilty. I've had a lot of time to do some serious thinking.

Q. Of course, you understand you are entitled to an attorney if you want one.

A. I understand that, sir.

Q. Do you understand what you're charged with?

A. Yes, sir.

Q. And that you apparently have not been supporting your family according to the affidavit filed.

A. Well, I'm guilty and that can't be changed.

Q. Did I explain your constitutional rights to you when you were here before?

A. Yes, sir, I understood my rights perfectly.

\* \* \*

Q. Well, you present some problems to me, Mr. Pursifull. After having withdrawn your plea, I'm not sure at this time that I should accept your plea without your first talking to an attorney, but you've indicated that you do know everything that's going on.

A. Yes, sir, I do.

Q. And you don't want the court to appoint an attorney for you?

A. No, sir."

The court then questioned Pursifull about his educational and mental history before pronouncing judgment and sentence as follows:

"Q. You've made up your own mind about how you want to plead?

A. Yes, sir, I've turned the matter over in my mind time and time again. This is the best thing that could happen, I feel.

Q. All right, I'm going to accept your plea. Now, I pronounce a judgment to the defendant. You are sentenced to the Indiana State—or Indiana Reformatory at Pendleton, for a period of not less than one nor more than seven years."

In his Post-Conviction Remedy hearing, Pursifull testified that he did not understand the nature of the charges against him at the time he entered his plea of guilty. Specifically, he argued that he did not understand the difference between inability to support his family and being guilty of the crime of wilful non-support under Ind. Ann. Stat. § 10-1402 (Burns 1956).

Our Supreme Court has held that due to the grave nature of a guilty plea, the trial court has the duty to scrutinize the situation to determine that the plea is offered freely and with understanding. *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557. In discharg-

ing this duty, the trial judge must cause to be included in the records facts which indicate the validity and status of the plea. Supreme Court Rule 1-11 (now Criminal Rule 10). *Brimhall, supra; Campbell* v. *State* (1951), 229 Ind. 198, 96 N.E.2d 876.

In reversing a denial of a petition for vacation of judgment, Justice DeBruler in *Brimhall, supra,* commented on the record of the trial court as follows:

> "In addition, no evidence exists to support the conclusion that this plea was 'intelligently' and 'understandingly' entered for there is no evidence that the appellant understood the facts to which he was admitting nor that he understood the law in relation to those facts. There is no evidence in this case that any attempt was ever made to ascertain the appellant's version of the events in question, and to analyze that version in relation to the formal charge. Indeed, the evidence indicates that the legal elements of the crime were not discussed."

> Ind. Ann. Stat. § 10-1402 (Burns 1956) provides that one ". . . who being able to either by reason of having means or by personal services, labor or earnings, shall *wilfully neglect or refuse* to provide such child or children with necessary and proper home, care, food and clothing shall be deemed guilty of a felony, . . . ." (Our Emphasis.)

As argued in the Post-Conviction Relief proceedings, while pleading guilty to wilful failure to support, Pursifull at several points expressed an inability to provide support.

An examination of the record reveals the following statements by Pursifull:

> ". . . I haven't had the job as she said I was able to pay support. I haven't been able to pay support. . . . I know right from wrong and I realize that I had to pay support and should pay support and would pay support if I was able, . . ."

> "I'm guilty of not paying support but I'm not guilty of contemptfully not paying support. I have always intended to pay support."

> ". . . I've always intended to pay support and I haven't tried to beat nobody purposedly. . . ."

The record reveals no inquiry by the trial judge concerning the apparent inconsistency between the above statements and Pursifull's plea.

In *Harshman* v. *State* (1953), 232 Ind. 618, 115 N.E.2d 501, our Supreme Court held:

> "As we view it, a plea of guilty tendered by one who in the same breath protests his innocence, or declares he acutally does not know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction. No plea of guilty should be accepted when it appears to be doubtful whether it is being intelligently and understandingly made, or when it appears that, for any reason, the plea is wholly inconsistent with the realities of the situation."

In *Rhodes* v. *State* (1927), 199 Ind. 183, 156 N.E. 389, it was observed:

> "This court has expressed disapproval of trial courts receiving pleas of guilty from defendants charged with serious crime, who are not represented by counsel, until 'after reasonable inquiry into the facts to discover whether a plea of guilty is entered freely and understandingly.'"

In view of the inconsistency between Pursifull's statements and his plea, it was incumbent upon the court to make further inquiry to determine whether Pursifull understood the elements of the crime.

The record fails to demonstrate that Pursifull understood that *wilful* neglect or refusal is an essential element of the crime of Non-Support.

If Pursifull did not understand that *wilful* neglect or refusal is an essential element of the crime charged, then he was incapable of entering a knowing and intelligent plea of guilty.

Pursifull also argues that the trial judge failed to advise him of his constitutional rights other than his right to counsel. Although Pursifull appears to have technically

waived this issued by failing to specifically argue it in the Post-Conviction Remedies proceedings, it is so closely inter-twined with the question of entering a knowing and intelligent plea that we feel compelled to comment upon it.

During the February 17, 1969, hearing the trial judge asked of Pursifull:

> "Q. Did I explain your constitutional rights to you when you were here before?
> A. Yes, sir, I understod my rights perfectly."

However, the record does not reveal that Pursifull was ever informed of his right against compulsory self-incrimination and his right to confront his accusers. For that matter Pursifull was not even informed that he had a right to a trial before either a judge or a jury.

Due to the seriousness of a guilty plea, a trial judge should take ample precaution to see that a defendant is fully and explicitly advised of his constitutional rights. He should avoid being side-tracked by a loquacious defendant who professes to understand his rights perfectly without having been informed of them.

The record fails to show that Pursifull's plea was knowingly and understandingly entered.

Reversed and remanded with instructions to grant the defendant leave to withdraw his plea of guilty and proceed with a new trial.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 301 N.E.2d 226.