JAMES GOMON HOSKINS *v.* STATE OF INDIANA.

[No. 872S111. Filed Ocober 31, 1973.]

*Harriette Bailey Conn,* of Indianapolis, *Carr L. Darden, Sr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from the denial of a Motion to Correct Errors following the denial of a Post-Conviction Remedy Rule 1 motion to vacate the prior judgment of guilty, withdraw the plea of guilty to first degree murder and grant a jury trial. It presents the single issue of whether or not the evidence presented at the post-conviction hearing required a grant of the motion.

In support of the motion, Defendant (Appellant) asserts that at the time of his guilty plea he was illiterate, had been harassed by police interrogation without benefit of counsel, had ineffective counsel, and had been coerced by means of threatening letters sent to his sister by one of his two co-defendants. It is his contention that as a result of the foregoing, his guilty plea was not entered freely and understandingly.

At the hearing upon the motion, the defendant testified to the foregoing. His sister verified the receipt of threatening notes from the co-defendant, and the co-defendant admitted having sent them. The co-defendant further testified that he sent notes knowing that the defendant was illiterate and easily influenced and in the belief that if one of the accused would plead guilty, the others could get off with a lesser offense conviction. The co-defendant also testified that following the defendant's guilty plea, he stood trial before the court on a charge of first degree murder but was found guilty and sentenced for involuntary manslaughter.

In opposition to the post-conviction motion, the State introduced into evidence the transcript of the guilty plea proceedings. From the transcript, it appears that the defendant had first entered a plea of not guilty but later sought to withdraw and enter a plea of guilty. Thereupon, he was interrogated by his counsel, the prosecuting attorney, and the trial judge. The record reveals that at the time of the change in plea, he knew and understood the following:

1. What a jury trial was and that he was entitled to a jury trial;

2. That he could plead not guilty to either the Court without jury or to a jury;

3. That either the Court or jury could find him guilty of murder in the first degree, murder in the second degree, or manslaughter;

4. What the penalties were for each of the above findings;

5. When he would be eligible for parole upon a guilty finding of first or second degree murder;

6. That if he had a trial, he would be entitled to have subpoenas issued and witnesses compelled to testify in his behalf;

7. That if the trial ended in a conviction, he would have the right to have counsel appointed, and a transcript furnished, to appeal the conviction to the Indiana Supreme Court;

8. That he had a right to take a change of venue;

9. That the prosecutor would recommend life imprisonment for the first degree murder plea and that the Court

was not bound by that recommendation and could still sentence him to the electric chair;

10. That he was waiving all of the above rights with his plea of guilty;

11. That nothing had been promised him to induce this guilty plea;

12. That his attorneys represented him in a competent manner; and

13. That the Court was required to hear a portion of the evidence regardless of his plea to bear out the truth of the guilty plea.

Additionally, the record discloses the defendant's admission that nothing had been promised him to induce his guilty plea; and his counsel, at the post-conviction hearing, denied the defendant's charges that he had failed to counsel the defendant properly. The defendant testified that the attorney had spent only five minutes with him. The attorney, although acknowledging that he had no independent recollection of the case which had been disposed of some fourteen years earlier, testified that he had never in his career pleaded a client guilty to first degree murder with such meager preparation.

Post-Conviction Remedy Rule 1 places the burden upon the petitioner to establish his grounds by a preponderance of the evidence.

"* * * The petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence." Post-Conviction Remedy Rule 1, § 5.

On review of a decision denying post-conviction relief under this rule, we are not entitled to exercise our independent judgment. A post-conviction proceeding is in the nature of a civil action. An unsuccessful petitioner, under the rule, stands in the position of one appealing from a negative verdict. He must show that the judgment was contrary to law, which may not be done by merely showing a lack of evidence to sustain it. If the evidence entitled him to relief which was denied, the decision is contrary to law, but in determining that question we may consider only the evidence most favorable to the successful party, in this case

the State; and it is only when the evidence is without conflict and leads but to one reasonable conclusion, and the trier of fact has reached a contrary conclusion, that the decision will be disturbed as being contrary to law. *Souerdike* v. *State* (1952), 231 Ind. 204, 108 N. E. 2d 136.

In post-conviction proceedings, as in other matters tried before the court, the trial judge as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Turner* v. *State* (1972), 259 Ind. 344, 287 N. E. 2d 339. Further, from the proceedings, it is inescapable that the defendant, at the time of entering his guilty plea, acted with the advice of competent counsel and adequate knowledge of his constitutional rights and alternatives and that he fully understood the significance of his plea. An attorney is presume to have discharged his duty fully and it requires strong and convincing proof to overcome such presumption. *Isaac* v. *State* (1971), 257 Ind. 319, 274 N. E. 2d 231, 237; *Shuemak* v. *State* (1970), 254 Ind. 117, 258 N. E. 2d 158. The defendant has not sustained the burden imposed by Section 5 of Post-Conviction Remedy Rule 1, and the judgment of the trial court is, therefore, affirmed.

Arterburn, C.J. and DeBruler, Givan, Hunter, JJ., concur.

NOTE.—Reported in 302 N. E. 2d 499.