STEVEN J. MCDONALD *v.* STATE OF INDIANA.

[No. 3-873A109. Filed December 10, 1974. Rehearing denied January 17, 1975.]

*Harriette Bailey Conn,* [*Mrs.*], Public Defender of Indiana, *Peter W. Bullard,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

GARRARD, J.—On December 16, 1970, a tavern in Kewanna, Indiana, was broken into and a quantity of beer was taken. Subsequently, an affidavit charging second degree burglary was filed against the defendant. Later a count for theft was added to the charge. Defendant entered a guilty plea to the second count and, in accord with a plea bargain, the first count was dismissed. Defendant was then sentenced to serve one to five years at the Indiana State Reformatory.

This appeal questions the denial of defendant's petition for post conviction relief pursuant to Indiana Rules of Procedure, Post-Conviction Remedy Rule 1. It presents three contentions: The plea was not intelligently and understandingly entered; defendant's original counsel did not provide adequate representation; and upon the basis of a statement made in court by the defendant after entering his plea, the court should have determined there was no factual basis for the plea and should therefore have reversed its finding and advised defendant that he was not guilty.

The underlying factual circumstances disclose that on the night in question the defendant's stepbrother, whom defendant knew to be an escapee from Pendleton, came to the house in Fulton, Indiana, where the defendant and a friend were residing. From there all three proceeded to Kewanna by automobile where the tavern was broken into and some beer was taken. At the PCR 1 hearing the defendant testified that although he was present he had nothing to do with the break-in or theft.

In considering the trial court's rejection of defendant's petition, it must be borne in mind that the defendant is appealing from a negative judgment. Thus, our inquiry is limited to whether, considering only the evidence favorable to the state, it must be said that such evidence leads to but one reasonable conclusion, and a contrary conclusion was reached by the court. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499.

· . We turn first to the contention that defendant established that his plea was not knowingly and understandingly entered. At arraignment the defendant was represented by the court-appointed attorney he had specifically requested. The court initially advised the defendant of the nature of the charge and explained that both the affidavit and the statute upon which it was based would be read. The court then advised the defendant at length of his constitutional rights and elicited from the defendant that he understood them and had no questions about any of them. The court then determined that the defendant had a copy of the charge and that he had discussed it with his attorney. He was then asked if he understood the charge. He answered, "Yes, I do.". The court next determined that the defendant's mind was clear and that the plea to be entered was voluntary and made of defendant's own free will. Again defendant was asked if his plea was made with full understanding. Again he responded that it was. After more questions, the court read the affidavit to the defendant and the prosecuting attorney read the statutes defining the offense and prescribing the penalties. Once again defendant was asked if he fully understood the charge. Again he answered, "Yes, I do." Before permitting the defendant to plead, the court inquired whether defendant had any question that he wished to ask the court, the prosecutor or his own attorney. Defendant responded that he did not. Finally, after permitting the defendant to plead but before accepting the plea, the court asked the defendant to state in his own words what it was "he was pleading guilty to", "what he was admitting". Defendant said, "Plead guilty to the theft of two cases of beer of the value of not more than $100 at Kabitzer's Tavern, Kewanna, Indiana." He added that this was in Fulton County and occurred about 2:00 a.m. on December 16, 1970.

This record is substantially different from the circumstances that required reversals in *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557, or *Pursifull* v. *State* (1973), 157 Ind.

App. 560, 301 N.E.2d 226.[1] It is sufficient to support the court's finding that the plea was understandingly entered. · · ·

Defendant next claims his original attorney inadequately represented him. However, he did not produce the attorney's affidavit or testimony at the PCR 1 hearing. From this failure the court could infer that the attorney would not have corroborated the alleged inadequate representation. See, *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N.E.2d 184, cited with approval in *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803. In addition, it appears that the counsel originally representing defendant was specifically requested by defendant, and that during the arraignment at various times defendant advised the court that he had been given sufficient time to talk with his attorney, that he felt he was being represented by competent counsel, and that he had no questions to ask either counsel or the court. The court was justified in determining that defendant failed to carry his burden of proof on this assertion.

Finally, defendant urges that there was no factual basis for his plea and that this was disclosed to the court before the conclusion of the arraignment proceeding. Defendant's testimony at the PCR 1 hearing, while admitting his presence at the scene, denies any participation whatever in the burglary and theft.

The evidence favorable to the state discloses that after eliciting defendant's plea, the court asked the defendant to relate in his own words what he was admitting. Defendant's counsel now challenges the response given, *supra,* as a mere

---

1. In *Brimhall* the defendant was not advised of his constitutional rights, neither the affidavit nor the statute were read, and the charge which involved the proper legal connotation to be given the term "mayhem" apparently did not even assert the distinction drawn by the statutes between simple and malicious mayhem. In *Pursifull,* the defendant was not represented by counsel. The charge and statute were read, but he was not advised of his constitutional rights. During the course of the proceedings in three separate instances he expressed his belief of factual circumstances which might have negated the intent necessary to the charge of criminal non-support, yet the court made no inquiry or explanation designed to assure that he understood what was involved.

parroting of the affidavit since defendant stated, "Plead guilty to . . ." While such an inference might be drawn, the reasonable inference favorable to the state which might also be drawn is that defendant was factually admitting his involvement, especially since he added factual details as to the time of the break-in and the quantity of beer taken, which were not set forth in the affidavit. It is urged, however, that this inference was extinguished by the post-plea statement made by defendant for the purposes of mitigation. In this statement he asserted that it was his stepbrother who actually entered the tavern and removed the beer. He also stated that the stepbrother then, ". . . threw it in the car and *we* got back in the car and *we* took off . . ." (Emphasis added) Thus, while defendant's account minimized the extent of his participation, it was nevertheless consistent with a determination that he was an accessory. When cross-examined at the PCR 1 hearing regarding the above-mentioned use of the term "we", defendant could not recall its use and stated that either he or the record must have been mistaken. In additional cross-examination, when asked what time it was when he started to go looking for beer with his stepbrother, defendant testified that "to his knowledge" they "did not go looking for beer" and that he took it for granted that his stepbrother already had the beer. However, in the statement he made to the court for mitigation purposes at the time of arraignment, he said:

> ". . . so we all three got in the car and we headed towards Kewanna and I asked Gary, I said 'where are you going to get this beer?' He said, 'Oh, don't worry about it, I can get it.'"

In sum, the trial court was presented with a conflict between the transcript of the original proceeding and defendant's statement at the post-conviction proceeding. Both of defendant's statements regarding the facts given at the original proceeding may be susceptible to more than one

inference. The credibility of his account given at the latter hearing is not above doubt.

Accordingly, since we may not reweigh the evidence, and since the evidence in the original transcript and the reasonable inferences therefrom are sufficient to support a determination by the trial court that the defendant failed to carry his burden of proof, the judgment is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 319 N.E.2d 655.