## GEORGE FRALEY *v.* STATE OF INDIANA.

[No. 2-574A114. Filed February 20, 1975. Rehearing denied May 7, 1975. Transfer denied October 8, 1975.]

*Harriette Bailey Conn, (Mrs.)*, Public Defender of Indiana, *Eugene C. Hollander,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

PER CURIAM.—The defendant, Fraley, sought to set aside his plea of guilty to aggravated assault and battery through a petition for post-conviction relief, Indiana Rules of Procedure, Post-Conviction Remedy Rule 1. In so doing, he assumed the burden of proof and now stands in the shoes of one appealing from a negative judgment. *Childs* v. *State* (1975), 262 Ind. 261, 321 N.E.2d 841; *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499. He

has failed to sustain the burden of proof imposed upon such appellants.

He first contends that the plea was not knowingly, voluntarily and intelligently entered.

Two of his specifications regarding this contention are based upon his testimony at the PCR 1 hearing, in which he denied understanding his rights and asserted that he had only a fourth grade education, could not read, and could barely write. The statement that he did not understand his rights merely conflicts with his prior statements to the court during the original proceedings that he did understand. Similarly, the evidence of his lack of education and illiteracy, while relevant, does not so conclusively demonstrate a lack of capacity for understanding that we must conclude the evidence was without conflict and led only to one reasonable conclusion. *Hoskins, supra.*

The third specification asserts that he was not advised of his constitutional rights as required by *Boykin* v. *Alabama* (1969), 395 U.S. 238; *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867; and *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557.

The record discloses that Fraley was originally charged by affidavit with the crime of robbery. He was arrested August 26, 1970, and was brought before the court the next day. He was then thoroughly advised of his constitutional rights by the court. He stated that he understood them and had no questions regarding any of them. At his request, an attorney was appointed to represent him.

On October 6, he was arraigned and pleaded not guilty. Trial was set for February 9, 1971.

On that date there was an indication that Fraley desired to plead guilty to "theft from the person." The court then advised him of the rights he would waive by entering a guilty plea and explained the theft charge. However, when Fraley was then asked about a factual basis for the plea, he denied committing any theft. The court then refused the plea and rescheduled trial for March 9.

On March 5, Fraley again appeared in court and indicated he wished to plead guilty to aggravated assault and battery. While the court explained the elements and penalty for this offense, it did not again go through an explanation of Fraley's constitutional rights.

Fraley contends this was reversible error *per se*. He asserts that *Boykin, Bonner* and *Brimhall* require the court to advise a defendant of his constitutional rights upon the record at the time of accepting the plea or the plea must be deemed to be not knowingly and intelligently entered.

We disagree. The primary issue is ascertainment of whether an accused understood and actually waived the rights which he is guaranteed by the constitution. In *Boykin*, and the numerous decisions applying its rationale, the courts have adopted the requirement of in-court disclosure and discussion of these rights prior to acceptance of a guilty plea. While the rule has been criticized as focusing upon an accused's "right to be told" rather than his right to know, its ease of application and the uncertainties that may be thereby dispelled certainly commend its practical value.

This does not mean, however, that we have prescribed a pedantic ritual which must precisely accompany the acceptance of a guilty plea. To so construe *Boykin* would defeat its purpose for it would promote a mechanical incantation rather than an effective inquiry by the court to insure that an accused is properly advised of his rights. Ordinarily the occasion for that advice may occur at the time a plea is accepted. When a plea of guilty is not tendered or accepted at the time the accused is advised of his rights, and he thereafter offers a guilty plea, prudence may dictate that he be reapprised, at least, of those rights that are waived by a plea of guilty. In Fraley's case, this was done at the February proceeding.

When, however, the court advised Fraley of his constitutional rights in the pending prosecution, that aspect of the

*Boykin* procedural requirement was fulfilled.[1] Fraley's further contention that he did not understand those rights then becomes the traditional question of fact. In Fraley's case, the court could properly have found that Fraley failed to meet his burden of proof on the question of fact.

Finally, Fraley urges that as a matter of right, he should be permitted to withdraw his plea because the court failed to follow a plea bargain on the sentence to be imposed.

The record discloses, and Fraley admits in his brief, that there was no plea bargain. Indeed there was no evidence of any promise or suggestion by the prosecutor that he would make any recommendation whatever regarding sentencing.

Instead Fraley testified at the PCR 1 hearing that he "understood" from his own attorney that he would be sentenced to serve only six months.[2] Appellate counsel does not urge that Fraley's trial counsel had made such a promise. Instead he argues that Fraley's lack of education prevented him from appreciating the difference between a promise and the mention of a possibility or probability.

Thus, the evidence was relevant to the question of whether the plea was voluntarily, knowingly and intelligently entered and to the question of the competence of counsel.

Again, however, from the evidence favoring the court's action, there was a basis for finding Fraley failed to sustain his burden of proof.

Judgment affirmed.

---

1. Of course, where the defendant is offering to plead to an offense upon which he has not been arraigned, the elements of that offense, the penalty and the factual basis for the plea must be explored.

2. At one point he said "six months *or* fined $500." At another he said "six months *and* fined $500." In the statement contained in the PCR 1 petition he had asserted the promise was for one year and a fine of $500.