ROBERT LEE PERKINS *v.* STATE OF INDIANA.

[No. 274S37. Filed June 17, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This appeal is from the denial of a Motion to Correct Errors which followed the denial of Appellant's petition for post-conviction relief. Appellant pled guilty to Second Degree Murder and was sentenced to the statutory term of not less than fifteen (15) nor more than twenty-five (25) years imprisonment. Ind. Code § 35-1-54-1, Burns § 10-3404 (1974 Supp.). Appellant asserts that his plea of guilty was not knowingly nor understandingly made and that his attorney afforded him ineffective representation. Both of these issues center upon the same factual dispute.

At the post-conviction hearing Appellant testified that he pled guilty because of the assurances of his attorney that a plea bargain had been arranged whereby Appellant would receive less than a fifteen year sentence for the crime of Second Degree Murder. Appellant's theory is that this constitutes ineffective representation by counsel and also demonstrates that the guilty plea was made without adequate knowledge or understanding of the consequences to flow therefrom. While the theory is sound, the facts do not support the theory.

The attorney testified at the post-conviction hearing that he had *not* assured, promised or suggested that a plea of guilty to Second Degree Murder could or would result in a sentence of less than fifteen years. In a post-conviction proceeding the burden of proof is on the petitioner. Ind. R. P.C. 1(5). The trial court is the trier of fact and the sole judge of the weight of the evidence and the credibility of the witnesses. *Hoskins* v. *State,* (1973) 261 Ind. 291, 302 N.E.2d 499; *Turner* v. *State,* (1972) 259 Ind. 344, 287 N.E.2d 339; *Fuller* v. *State,* (1971) 256 Ind. 681, 271 N.E.2d 720. A judgment of the trial court can not be disturbed unless the evidence is without conflict and leads inescapably to a reasonable conclusion contrary to that reached by the trial court. *Hoskins, supra; Souerdike* v. *State,* (1952) 231 Ind. 204, 108 N.E.2d 136.

The trial court evidently believed that Appellant had not been promised or led to believe that he could or would receive a sentence of less than fifteen years. Under this set of facts, Appellant's plea of guilty has not been shown to be other than knowingly, understandingly and voluntarily made; and the representation afforded by his attorney has not been shown to have been lacking or improper.

Judgment affirmed.

All Justices concur.

NOTE.—Reported at 329 N.E.2d 572.