FRANK L. BARRON *v.* STATE OF INDIANA.

[No. 3-574A96. Filed July 1, 1975. Rehearing denied September 19, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *William B. Bryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Douglas W. Meyer,* Deputy Attorney General, for appellee.

STATON, P.J.—Barron pled guilty to the sale of heroin in violation of the Uniform Narcotic Drug Act and was sentenced to the Department of Corrections for a period of five (5) to twenty (20) years. Five months later, Barron attempted to set aside his plea of guilty through a post-conviction relief petition under Indiana Rules of Procedure, Post-Conviction Remedy Rule 1. This petition was denied by the trial court, and on appeal from this denial of post-conviction relief, Barron raises the following issues:

Issue One:  Was the trial court's use of a printed form in advising Barron of his constitutional rights at arraignment error?

Issue Two:  Does the record of the arraignment proceeding disclose an adequate advisement and waiver of Barron's constitutional rights before the entry of his plea?

Issue Three:  Was Barron's guilty plea unknowingly entered because he believed he would receive a more lenient sentence?

Finding no error, we affirm the trial court's denial of post-conviction relief.

## I.

### Printed Form

A portion of the arraignment transcript before this Court consists of a printed form containing questions asked by the trial judge with Barron's answers recorded thereon. Barron's first contention of error is that the use of a printed form does not provide a proper transcript of the arraignment hearing in compliance with Indiana Rules of Procedure, Criminal Rule 10. Barron also contends that by using form questions, the trial court does not fulfill its "duty to closely

scrutinize the situation and be sure that the offered plea is freely and understandingly given. . . ." *Brimhall* v. *State* (1972), 258 Ind. 153, 162, 279 N.E.2d 557, 563. Barron did not assert at the post-conviction relief hearing nor does he assert on appeal that his guilty plea was unknowingly entered because of the trial court's use of printed form questions. Barron would have this Court hold as a matter of law that the use of printed form questions is reversible error *per se.*

Barron first contends that the transcript of his arraignment hearing is not in compliance with CR. 10 because the arraignment proceeding was not transcribed in a "form similar to that in general use as a transcript of evidence in a trial" as required by the rule. Although a printed form with answers written thereon is not the usual format used by court reporters in making transcripts of evidence, it does not violate CR. 10. The Supreme Court of Indiana in *Campbell* v. *State* (1951), 229 Ind. 198, 202, 96 N.E.2d 876, discussed one of the purposes of Supreme Court Rule 1-11, the precursor of CR. 10:

> "One of the reasons for the adoption of Rule 1-11, *supra,* by this court is to provide an unimpeachable record showing the extent of the inquiry into the facts, circumstances and conditions made by the trial court to ascertain at the time whether the offered plea of guilty is made freely and understandingly. Without such record the trial court is, by its own volition, shorn of the procedural facts that might protect its judgment from attack."

The printed form with Barron's answers written thereon provides an adequate record for this Court to review. There is no need for a ritualistic homage to transcript form. [*Lex neminem cogit ad vana seu inutilia peragenda*—the law forces no one to do vain or useless things. *Baker* v. *Happ* (1944), 114 Ind. App. 591, 599, 54 N.E.2d 123.]

Barron also makes the broad assertion that by using form questions at arraignment, a trial court can not make a mean-

ingful determination of whether defendant voluntarily, knowingly and intelligently enters his plea. Since *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 St.Ct. 1709, 23 L.Ed.2d 274, as a matter of federal constitutional law, reviewing courts are no longer allowed to presume a knowing and intelligent waiver of constitutional rights from a silent record in a guilty plea case. *See* also, *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557; *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867. Use of proper form questions at arraignment may insure a constitutionally sufficient record on its face. Their use has not been proscribed by this Court. *Taylor* v. *State* (1973), 156 Ind. App. 659, 297 N.E.2d 896, 899. The danger of the blind adherence to form questions at arraignment is that the entry of guilty pleas will become an empty formality. Such a rote recitation of constitutional rights and the consequences of entering a guilty plea, although sufficient to satisfy *Boykin* v. *Alabama, supra,* would not provide an unimpeachable record of the arraignment. *Campbell* v. *State, supra.* Such a proceeding might be subject to attack by way of post-conviction relief. When the questioning has been too cursory and the defendant did not understand his constitutional rights, the guilty plea should be withdrawn. However, Barron's record does not disclose a blind adherence to the printed form. The trial judge deviated from the printed form by omitting and adding questions to personalize the proceedings and better determine the voluntariness of the plea. As this Court stated in *Taylor* v. *State, supra,* 297 N.E.2d at 899:

> "We do not here state the [sic] trial courts exercising criminal jurisdiction cannot make use of form written material as a preliminary aid in advising those charged with crime with reference to their constitutional right. No doubt such instructional materials may serve a proper and useful purpose in that process. . . ."

The use of printed form questions by the trial court at arraignment is not *per se* reversible error. We find no error.

## II.

### *Advisement and Waiver of Rights*

Barron's second contention of error is that the record of his arraignment is not sufficient to demonstrate a knowing and intelligent waiver of constitutional rights as required by *Boykin* v. *Alabama, supra.* He first asserts that he was not adequately advised of his constitutional right against compulsory self-incrimination and of his right to confront his accusers. Secondly, he asserts that the record must show that he was expressly informed that by pleading guilty he waived these rights. Finally, he asserts that the record must disclose a formal waiver of these rights on his part. We would point out that Barron did not assert at the post-conviction relief hearing nor does he assert on appeal that he did not understand his constitutional rights. At no time has Barron asserted that he did not intend to waive these rights. Barron's entire argument rests on the assertion that the record of his arraignment hearing violates *Boykin's* prohibition against presuming waiver of constitutional rights from a silent record.[1]

Barron asserts that he was not properly advised of his right against compulsory self-incrimination. The record reveals the following questions by the trial court and answers by Barron:

> "Q. The Constitution further provides that no one can force you to take the witness stand and testify against yourself. Do you understand this?
> "A. Yes."

Barron further asserts that he was not properly advised of his right to confront his accusers. The record discloses the following:

> "Q. You are further advised that you have the right to meet the witnesses face to face and to have a means of forc-

---

1. Since Barron pled guilty in 1973, *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 is clearly applicable. However, we would point out that Barron pled guilty prior to the effective date of IC 1971, 35-4.1-1-3, Ind. Ann. Stat.

§ 9-1204 (Burns Supp. 1974), requiring the trial court to specifically inform the accused that his plea of guilty waives certain constitutional rights.

ing witnesses to come into Court to testify on your behalf. Do you understand this?[2]

"A. Yes."

*Boykin* v. *Alabama, supra,* does not require that an accused be advised of his constitutional rights in the precise language of the United States Constitution, nor has this Court required advisement of rights in any special form. *Tibbs* v. *State* (1973), 158 Ind. App. 485, 303 N.E.2d 294. The record before us demonstrates that Barron was adequately advised of his constitutional right against compulsory self-incrimination and his right to confront his accusers.

*Boykin* v. *Alabama* does not require that the record of the guilty plea proceeding show that the accused was formally advised that entry of his guilty plea waives certain constitutional rights, nor does *Boykin* require that the record contain a formal waiver of these rights by the accused. As the Supreme Court of Indiana pointed out in *Williams* v. *State* (1975), 263 Ind. 165, 325 N.E.2d 827, 832, the "essence of *Boykin* is that the record must affirmatively show that a defendant entering a guilty plea does so voluntarily and intelligently."[3] After the trial court had advised Barron of his constitutional rights at arraignment, the trial court stated:

"Q. If you plead not guilty, you are entitled to a hearing and trial as quickly as it can be done without unreasonable or unnecessary delay. Do you understand this?

"A. Yes."

---

2. The language used to advise Barron of his right to confront his accusers is derived from the Indiana Constitution, Article I, § 13, which provides:

"§ 13. Rights of accused.—In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor."

3. This Court has previously rejected Barron's contention that the record must show that the accused was formally advised that entry of his guilty plea waives certain of his constitutional rights. *Wyatt* v. *State* (1975), 164 Ind. App. 269, 328 N.E.2d 450, (H.D. 5-27-75); *Melendez* v. *State* (1974), 160 Ind. App. 469, 312 N.E.2d 508, 511.

Barron then entered his guilty plea. Presumably, Barron understood that if he pled guilty he would not be entitled to a trial, and there would be no necessity for him to confront his accusers or exercise his right against self-incrimination. The record before us discloses *on its face* that Barron's guilty plea was voluntarily and understandingly entered as required by *Boykin* v. *Alabama.* We find no error.

### III.

#### *Knowingly Entered Guilty Plea*

Barron's final contention of error is that his guilty plea was not knowingly entered because he was misled by his attorney to believe that if he pled guilty he would receive "leniency." Barron had the burden of establishing this ground for relief by a preponderance of the evidence. P.C. 1, § 5. When reviewing the denial of post-conviction relief upon an issue where petitioner had the burden of proof, this Court applies the negative judgment standard of review. We may consider only the evidence most favorable to the State, and it is only when the evidence is without conflict and leads to but one reasonable conclusion and the trier of fact reaches a contrary conclusion that the decision will be disturbed as being contrary to law. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499; *Cross* v. *State* (1974), 161 Ind. App. 616, 316 N.E.2d 685; *Fraley* v. *State* (1975), 163 Ind. App. 226, 323 N.E.2d 239. We have reviewed the evidence presented at the post-conviction relief hearing and can not say that it is without conflict and leads to a conclusion contrary to that reached by the trial court. The record of Barron's arraignment discloses the following exchanges between Barron and the court regarding sentencing:

"Q. Before reading the charge to you and before asking you if you plead guilty or not guilty, you are instructed that the charge against you is a Felony and that the penalty, as fixed by the Legislature is: Imprisonment for a period of 5 to 20 years and a fine of not more than two thousand dollars. Do you understand this?

"A. Yes.

\* \* \*

"Q. Has anyone made any promises to you or threatened you in any way to induce you to plead either guilty or not guilty?

"THE COURT: Mr. Myers [Barron's counsel].

"MR. MYERS: There are two charges against Mr. Barron, Judge, and the State has agreed that if he pleaded Guilty to the sale they would dismiss the possession charge against the defendant.

"THE COURT: Is that your understanding, Mr. ——

"DEFENDANT: Yes.

"THE COURT: —Barron? Do you have any other understanding about what's going to happen?

"DEFENDANT: Any other —

"THE COURT: Other than they're going to dismiss the other charge against you?

"DEFENDANT: Oh, I understand fully.

"THE COURT: Has anyone made any commitments to you about what the sentence will be? Has anybody made any promise to you about what I'm going to do about the sentence?

(No response from defendant.)

"MR. MYERS: Has anyone made any promise to you as to what Judge Bloom may or may not do in pronouncing sentence on you, Frank?

"DEFENDANT: (Shakes head in the negative.)"

Additionally, at the post-conviction relief hearing, Barron's counsel testified as follows:

"Q. Now, in total, how many conversations, concerning this matter, did you have with Mr. Barron?

"A. (Searching through his file.) One, two—well, counting the times I was at the jail and in Court, twelve times altogether.

"Q. Now at any time, during any of these conversations you had with Mr. Barron, did you assure him that he would receive a lenient sentence on pleading guilty to sale of heroin?

"A. No, I did not.

"Q. Did you ever advise him that he would receive anything less than a five to twenty year sentence?

"A. No, I did not."

Barron's testimony at his post-conviction relief hearing that he was led to believe that he would receive some sort of leniency in sentencing is in direct conflict with his answers at arraignment and the testimony of his counsel. The trial court did not err in denying Barron's petition for post-conviction relief on this ground.

We affirm.

Garrard, J. and Hoffman, J., concur.

NOTE.—Reported at 330 N.E.2d 141.