LINNIE JANIGON, JR. *v.* STATE OF INDIANA.

[No. 3-674A107.  Filed July 9, 1975.  Rehearing denied
September 5, 1975.]

*Harriette Bailey Conn (Mrs.),* Public Defender of Indiana,
*William B. Bryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

GARRARD, J.—Appellant Janigon was sentenced upon his plea of guilty to the charge of armed robbery.

After hearing, his subsequent petition for Post Conviction Rule 1 relief was denied and he appeals. We affirm.

Janigon first contends the arraignment record is fatally defective for failure to comply with Indiana Rules of Procedure, Criminal Rule 10, because it utilizes a pre-printed questionnaire to which the responses were then written in. While not the preferable practice, we have determined this procedure does not constitute reversible error. *Barron* v. *State* (1975), 164 Ind. App. 638, 330 N.E.2d 141.

As in *Barron,* Janigon asserts he was not advised of his right to remain silent or to confront his accusers. The record belies the charge. He was told that he had the right to meet the witnesses face to face and that no one could force him to testify against himself. He was asked if he understood these rights and he responded that he did.

Where a defendant is adequately advised of his constitutional rights and indicates his understanding, it is not necessary that he expressly state his waiver. It is the necessary implication of his subsequent expression of his desire to plead guilty. *Barron, supra.*

Janigon asserts he had ineffective counsel because at the hearing for sentencing, counsel did not object to the court's inquiry to him about illegitimate children he had fathered and how they were being supported. The basis for the court's inquiry appeared in the presentence investigation report. It was relevant to the determination to be made at sentencing and was a proper matter of inquiry.

In turning to the remaining assertions of error, it is to be recalled that one appealing from the denial of a PCR 1

petition is, in effect, appealing from a negative judgment. Our standard of review requires affirmance unless the evidence permits only one reasonable conclusion, and that conclusion was contrary to the one arrived at by the trial court. *Perkins* v. *State* (1975), 263 Ind. 270, 329 N.E.2d 572.

Janigon contends there was no factual basis for his plea. However, at arraignment he was read the charging affidavit which asserted that on or about April 10, 1970, he "forcibly by violence and putting Ray Riley in fear did rob, take and steal from . . . Riley", while armed with a pistol, various items of Riley's property. He was then asked if he fully understood the charge or allegations contained in the affidavit, and he replied that he did. The next question was, "Did you do the acts alleged to have been done by you?". The answer was "Yeah".

While this portion of the record discloses the very minimum in endeavoring to ascertain a factual basis for the plea, the reasonable inference of factual basis does exist. See, *McDonald* v. *State* (1974), 162 Ind. App. 349, 319 N.E.2d 655.

As to Janigon's contention in the post conviction proceeding that he was an unwilling occupant of the automobile during the period while Riley was forced into the car and subsequently robbed, the court had ample grounds to discredit the assertion. The record of the sentencing discloses that Janigon at that time endeavored to minimize his participation as a principal. On the other hand, he admitted to engaging in no effort to prevent the crime, inform the police, or divorce himself from the situation. Furthermore, we note that while he professed his unwilling presence during the robbery, he also accused his lawyer of ineffectiveness in failing to produce alibi witnesses who presumably would have testified in accord with the alibi notice filed prior to his arraignment. In the alibi notice he alleged he had been at his home the entire evening of April 10th and during the early morning of the 11th.

Finally, Janigon asserts ineffective counsel in that he "understood" from his attorney that he would receive a lesser sentence than the one imposed and that he was coerced into entering his plea by remarks made by the police during his prearraignment incarceration.

The record is devoid of any reference to the suggested "plea bargain". On the contrary, Janigon advised the court that no promises had been made, and that he understood it was the duty of the court to assess his penalty. Before asking Janigon to plead, the court asked if there were *any* questions Janigon wanted to ask and he replied that there were none. At the sentencing, the prosecutor in fact recommended a 10 year sentence and no objection or question was raised by Janigon.

As to the claim that Janigon's attorney advised him he would receive the minimum sentence, the only testimony came from Janigon who stated that he was informed he would get "five flat". When he was asked who told him this, an objection was interposed and the question was never answered.

In addition, Janigon did not call the attorney who had formerly represened him to testify at the post conviction proceeding, nor did he offer any evidence that the attorney was unavailable. Such failure would permit the court to infer that the attorney's testimony would not support Janigon's claim.[1] *McDonald, supra.*

The claim of police coercion is equally vague. The most Janigon could specify was that "they" told him he would or could get "life".[2] On the other hand, at arraignment he advised the court that no one had threatened him in any way to induce him to plead either guilty or not guilty.

---

1. In fact the record discloses that the court was advised by counsel at one point that Janigon did not feel it was in his best interests to have the attorney testify.

2. The affidavit contained a separate count for kidnapping which, pursuant to IC 1971, 35-1-55-1, carries the penalty of life imprisonment.

The court was within its province in determining that Janigon failed to sustain his burden of proof on these issues.

Judgment affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 330 N.E.2d 389.