FRED HOLMES, JR. *v.* STATE OF INDIANA.

[No. 3-874A143. Filed August 11, 1975. Rehearing denied September 24, 1975. Transfer denied February 16, 1976.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *William B. Bryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

HOFFMAN, J.—On December 21, 1972, petitioner-appellant Fred Holmes, Jr. pleaded guilty to a charge of first degree burglary and was ordered committed to the custody of the Indiana Department of Corrections for a period of not less than ten nor more than twenty years. On May 10, 1973, appellant filed a "Motion to Vacate Sentence" and a "Petition for Post-Conviction Relief", pursuant to Ind. Rules of Procedure, Post-Conviction Rule 1, whereby he sought to obtain relief from his executed sentence in the form of drug abuse treatment under the then existing IC 1971, 16-13-7.5-18 (Burns Code Ed.). This section was repealed by Acts 1974, P.L. 59, but was reenacted in identical form as IC 1971, 16-13-6.1-18 (Burns Code Ed., Supp. 1974), which provides, in part, as follows:

> "If a court has reason to believe that an individual convicted of a crime is a drug abuser or the individual states that he is a drug abuser and the court finds that he is eligible to make the election provided for under section 16 ***, the court may advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department. ***."

On appeal from the denial of his petition, Holmes contends that his uncontradicted testimony at the hearing established that he was a drug abuser who qualified to elect treatment under the Indiana Drug Act. The error alleged consists of the failure of the trial court to so find upon the petition.

An extensive search of the record for information whereby the trial court, prior to or at the time of sentencing, might have had a reason to believe that appellant was a drug abuser has, however, proved unsuccessful. Compare: *Glenn* v. *State* (1975), 162 Ind. App. 160, 322 N.E.2d 106. Moreover, that such "reason to believe" was never susceptible of vitality is

confirmed by the pre-sentence investigation report which was furnished to the trial court and which contained the following remarks:

"The defendant stated that, in the past, he has had a drug (heroin) problem. He claimed that in October of 1971 he entered the Illinois Drug Abuse Program. He left same in February, 1972, and, at that time, he stated he had stopped all heroin and methadone intake. He stated emphatically that he has since been 'clean.' "

If appellant was a drug abuser, such fact was not brought to the attention of the trial court prior to or at the time of sentencing either by appellant or by the investigation which the court itself ordered. Thus, it must be concluded that the trial court was without reason to believe that appellant was a drug abuser at the time of sentencing; and appellant has failed to bring himself within the purview of IC 1971, 16-13-6.1-18, *supra.*

Appellant next contends that the record of his arraignment consisting of a pre-printed questionnaire and handwritten responses is fatally defective by reason of an alleged failure to comply with Ind. Rules of Procedure, Criminal Rule 10. We have recently determined that the use of this form, while not the most desirable practice, nevertheless does not constitute reversible error. *Janigon* v. *State* (1975), 164 Ind. App. 696, 330 N.E.2d 389; *Barron* v. *State* (1975), 164 Ind. App. 638, 330 N.E.2d 141.

Appellant makes the additional assertion that he was not adequately advised of his right to remain silent and to confront his accusers. This contention is also disposed of by the two cases above cited which considered circumstances and allegations virtually identical to those at bar. Furthermore, as in *Barron* v. *State, supra,* the record on its face discloses that appellant's plea of guilty was knowingly, voluntarily and intelligently entered.

Appellant-Holmes further asserts that there is no factual basis for his plea existing on the record. However, at arraign-

ment he was read the charging affidavit and was asked if he fully understood the charge or allegations contained therein. Appellant replied in the affirmative. He was also asked, "Did you do the acts alleged to have been done by you?" To this, he responded, "Yes." As we stated in *Janigon* v. *State, supra,* "[w]hile this portion of the record discloses the very minimum in endeavoring to ascertain a factual basis for the plea, the reasonable inference of factual basis does exist." *Ibid.,* at 698 of 164 Ind. App., at 390 of 330 N.E.2d.

It must be concluded that the trial court was properly within its province in determining that appellant had failed to meet his burden of proof as to the foregoing issues.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 332 N.E.2d 245.