ROBERT GARTH VERNOR v. STATE OF INDIANA.

[No. 3-175A4. Filed October 29, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *William B. Bryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Walker F. Lockhart,* Deputy Attorney General, for appellee.

· PER CURIAM—Defendant-appellant, Robert Garth Vernor, pleaded guilty to the sale of cocaine in violation of the Uniform Narcotic Drug Act.[1] He was sentenced to the Department of Corrections for a period of five to twenty years. Vernor attempted to vacate his guilty plea through a petition for post-conviction relief under Indiana Rules of Procedure, Post-Conviction Remedy Rule 1. This petition was denied by the trial court; and on appeal from this denial of post-conviction relief, Vernor raises the following issues:

> I. Was the trial court's use at arraignment of a printed form in advising Vernor of his constitutional rights error?
> II. Was there an adequate advisement and waiver of Vernor's constitutional rights?

1. IC 1971, 35-24-1-2, Ind. Ann. Stat. § 10-3520 (Burns 1956) (Repealed, Acts 1973, P.L. 335, § 6).

III. Did Vernor receive competent counsel?

We affirm.

*ISSUE I:*

Vernor contends that the use of a printed form at the arraignment hearing does not comply with the requirements of Indiana Rules of Procedure, Criminal Rule 10 and therefore, the guilty plea is invalid. He also asserts that the utilization of such a form prevents the trial court from determining whether the guilty plea is knowingly, intelligently and voluntarily entered.

This Court has previously ruled that the use of a printed form is sufficient to comply with the requirements of CR. 10. *Janigon* v. *State* (1975), 164 Ind. App. 696, 330 N.E.2d 389; *Barron* v. *State* (1975), 164 Ind. App. 638, 330 N.E.2d 141.[2]

In *Barron*, the court rejected the argument that the use of printed form questions would not allow the court to make a meaningful determination as to the nature of the defendant's guilty plea. The use of such form questions must not become an empty formality. Deviation from the form to inquire deeper into the voluntariness of the plea, indicates an avoidance of any blind adherence to the form and thus provides a sufficient record. *Barron* v. *State, supra.*

In the case at bar, the trial court judge deviated from the form several times. He inquired into Vernor's mental state as a result of methadone treatments and further inquired into what promises had been made to the defendant to induce his guilty plea. The use of a printed form in this case in no way served to deny the defendant his constitutional rights. We find no error.

*ISSUE II:*

Vernor's second contention of error is that the record of his arraignment is not sufficient to demonstrate a knowing

---

2. The form used in *Barron* is identical to the complained of form in the case at bar.

and intelligent waiver of constitutional rights as required by *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

Vernor was told that he had the right to meet witnesses face to face and that no one could force him to testify against himself. He was asked if he understood those rights and he responded affirmatively.

The Supreme Court of Indiana held that the record must show that the defendant entered the guilty plea knowingly and voluntarily. *Williams* v. *State* (1975), 263 Ind. 165, 325 N.E.2d 827. It is implied that after a defendant has been adequately informed of his constitutional rights and indicates his understanding thereof, a subsequent plea of guilty waives those rights. *Janigon, supra; Barron, supra.* The record shows that Vernor understood his rights and waived them by his guilty plea. We find no error.

*ISSUE III:*

Vernor also contends that because he received incompetent counsel his plea was not knowingly entered. At the post-conviction hearing Vernor presented testimony to the effect that his counsel informed him that if he pleaded guilty he would receive a suspended sentence.[3] He also testified that counsel had not discussed pleading guilty prior to the day of arraignment.

The petitioner for post-conviction relief has the burden of establishing his grounds for relief by a preponderance of the evidence. P.C.R. 1, § 5; *Colvin* v. *State* (1975), 262 Ind. 608, 321 N.E.2d 565; *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803; *Brown* v. *State* (1975), 163 Ind. App. 132, 322 N.E.2d 98; *Janigon* v. *State, supra; Barron* v. *State, supra.* The trial court ruled in the case at bar that Vernor had not met his burden of proof.

---

3. IC 1971, 35-24-1-20, Ind. Ann. Stat. § 10-3538 (Burns 1956), (Repealed, Acts 1973, P.L. 335, § 6) provides . . . "the imposition or execution of sentence shall not be suspended . . ."

When reviewing a trial court's rejection of a petition for post-conviction relief, this court looks to the evidence most favorable to the State. In order to reverse the decision of the lower court, it must be said that such evidence leads to but one reasonable conclusion and a contrary conclusion was reached by the court. *Perkins* v. *State* (1975), 263 Ind. 270, 329 N.E.2d 572; *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499; *Brown* v. *State, supra;* *McDonald* v. *State* (1974), 162 Ind. App. 349, 319 N.E.2d 655. In addition, there is a presumption of competent counsel, and strong, convincing proof is required to overcome this presumption. *Colvin* v. *State, supra; Beck* v. *State* (1974), 261 Ind. 616, 308 N.E.2d 697; *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686; *Brown* v. *State, supra; Janigon* v. *State, supra; Barron* v. *State, supra.*

The record shows that the State agreed to drop two other charges pending aganst Vernor in exchange for his guilty plea. During the arraignment Vernor stated that he was aware of the length of the sentence that he would receive and that no other inducements to plead guilty had been made to him. Also noted in the record is the fact that the original counsel was no longer located in Fort Wayne; however, Vernor presented no evidence that an attempt had been made to produce either the testimony of his original counsel or counsel's affidavit. From this the court may infer that the attorney would not have corroborated defendant's allegations. *Conley* v. *State, supra; Schmittler* v. *State* (1950), 228 Ind. 450, 93 N.E.2d 184; *Janigon* v. *State, supra; McDonald* v. *State, supra.*

After reviewing the evidence we can not say that it is without conflict and leads to a conclusion contrary to that reached by the trial court; therefore, the trial court's decision is affirmed.

NOTE.—Reported at 336 N.E.2d 415.