DARRELL G. SAYLOR *v.* STATE OF INDIANA.

[No. 3-375A50. Filed October 29, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *William B. Bryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert M. Lingenfelter,* Deputy Attorney General, for appellee.

PER CURIAM—Darrell Saylor, defendant, appeals from the denial of his petition for post-conviction relief contending

350

his guilty plea should be set aside due to the trial court's failure to comply with Indiana Rules of Procedure, Criminal Rule 10 and to fully advise defendant of his constitutional rights before accepting his plea.

We affirm.

Saylor argues his arraignment record does not comply with CR. 10 and is therefore fatally defective. The record is a pre-printed questionnaire with defendant's responses hand-written in beneath each interrogatory. Using a pre-printed questionnaire to record an arraignment proceeding, while not the preferred practice, nevertheless does not constitute reversible error. *Holmes* v. *State* (1975), 165 Ind. App. 311, 332 N.E.2d 245; *Janigon* v. *State* (1975), 164 Ind. App. 696, 330 N.E.2d 389; *Barron* v. *State* (1975), 164 Ind. App. 638, 330 N.E.2d 141.

Saylor further contends he was improperly advised of his constitutional rights to confront witnesses and resist self-incrimination. Defendant admits these rights were read to him but claims they were imprecisely phrased. Instructions identical to those questioned here were found adequate by this Court in *Barron* v. *State, supra,* and *Holmes* v. *State, supra.* A defendant need not be advised of his rights in the exact language of the constitution. *Melendez* v. *State* (1974), 160 Ind. App. 469, 312 N.E.2d 508; *Tibbs* v. *State* (1973), 158 Ind. App. 485, 303 N.E.2d 294. The record demonstrates defendant voluntarily pled guilty after being properly informed of his rights.

We affirm.

NOTE.—Reported at 336 N.E.2d 826.