STEVEN R. MACK *v.* STATE OF INDIANA.

[No. 1276S423. Filed March 29, 1978.]

*Nile Stanton, Stanton, Boyle, Hyatt & Reuben,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Assistant Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Steven Mack, was indicted for first degree murder. He entered a plea of guilty to second degree murder and was sentenced to a term of fifteen to twenty-five years. He later filed a petition for post-conviction relief alleging that he was not adequately advised of his constitutional rights before the court accepted his plea. This petition was denied and defendant now appeals raising two issues.

1. Whether defendant's plea of guilty was knowingly and voluntarily made; and

2. Whether the trial court adequately established a factual basis to support the guilty plea.

## I.

The defendant contends that the record of the guilty plea proceedings does not show that he was adequately advised of his constitutional rights as required by our Indiana statute[1] and by the United States Supreme Court in *Boykin* v. *Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. This Court has held in several recent cases that *Boykin* has imposed a duty on the trial court to establish *on the face of the record* that the defendant was fully advised concerning his constitutional rights which are waived by his entering a guilty plea. *Williams* v. *State*, (1977) 266 Ind. 373, 363 N.E. 2d 971; *Maleck* v. *State*, (1976) 265 Ind. 604, 358 N.E.2d 116; *Avery* v. *State*, (1976) 265 Ind. 417, 355 N.E.2d 395.

In the instant case, the record shows that the trial court first determined that the defendant had been advised by an attorney from the time of his indictment through the guilty plea proceedings. The court also asked the defendant if he understood that his trial had been set for January 14, ten days later, and that he could have the trial if he wanted. However, the court did not specifically advise the defendant that he was waiving his privilege against self-incrimination and his right to confront his accusers.

On the post-conviction denial order the court concluded that a full consideration of the guilty plea proceedings showed that the tests of voluntariness, knowledge, and constitutionality were met. However, under the standard of *Boykin*, *supra*, it is not enough for a court to conclude that a defendant has been advised of his rights simply because he has had the aid of an attorney and has

---

1. § 35-4.1-1-3. "The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

\* \* \*

"(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself; . . ."

been asked some general questions. Rather, the trial court must be certain that the record of the guilty plea proceeding shows that the defendant is fully advised of his major constitutional rights at the time a guilty plea is tendered. This is not an undue burden to place upon the trial court considering the significant consequences to the defendant. *Maleck, supra.*

The record in the instant case does not show specific advisement of rights, but shows only that general questions were asked. Questions such as, "Have you had the advice of an attorney?" and "Do you have any questions?" are not enough to insure that the defendant was fully advised of his rights. Even on a request by this Court for a more complete record of the proceedings, there was no evidence of any specific advisement of the major constitutional rights. Our Rule of Criminal Procedure 10 requires a *complete* record to be made of any guilty plea proceedings. This implements our statute requiring the constitutional rights to be given before a guilty plea can be accepted and means that there must be a complete record of the waiver of constitutional rights preserved by the court. The record in the instant case does not show that the guilty plea was voluntary and that an informed and understanding waiver of federal constitutional rights had occurred.

## II.

The defendant contends that there was no factual basis for the plea. However, at the guilty plea proceeding, the court explained to the defendant that "Whoever purposely and maliciously without premeditation kills any human being is guilty of murder in the second degree." The defendant was asked if he understood this and he replied that he did. Then the defendant was asked if he had stabbed the victim with a knife as charged in the indictment. The answer was "Yes sir." While this portion of the record discloses the very minimum in endeavoring to establish a

factual basis for the plea, the reasonable inference of factual basis does exist. *Janigon* v. *State*, (1975) 164 Ind. App. 696, 330 N.E.2d 389; *McDonald* v. *State*, (1974) 162 Ind. App. 349, 319 N.E.2d 655; Ind. Code § 35-4.1-1-4 (Burns 1975).

For all the foregoing reasons stated in Issue I, the judgment of the trial court should be reversed with instructions to allow defendant to plead anew after he has been fully advised by the court as required by our discussion in Issue I.

Reversed and remanded with instructions.

Givan, C.J., DeBruler and Prentice, JJ., concur; Pivarnik, J., dissents with opinion.

### DISSENTING STATEMENT

PIVARNIK, J.—I dissent on the grounds stated in my dissents in *Williams* v. *State*, (1977) 266 Ind. 373, 363 N.E.2d 971, and *Hollingshed* v. *State*, (1977) 266 Ind. 597, 365 N.E.2d 1215.

NOTE.—Reported at 373 N.E.2d 1096.