Jack Lee **LAIRD**, Appellant
(Defendant below),

v.

**STATE of Indiana, Appellee**
(Plaintiff below).

No. 778S148.

Supreme Court of Indiana.

Feb. 12, 1979.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for relief under Post-Conviction Remedy, Rule 1. The petitioner had previously entered a guilty plea to second-degree murder and was sentenced to a term of fifteen to twenty-five years. His petition now raises the following issues:

1. Whether the plea of guilty was knowingly, intelligently and voluntarily entered;

2. Whether the petitioner was denied the effective assistance of counsel; and

3. Whether the court erred in excluding testimony at the post-conviction relief hearing.

## I.

The petitioner contends that his guilty plea was not voluntary since the trial court did not advise him of his constitutional rights in the exact language set out in Ind.Code § 35–4.1–1–3 (Burns 1975) and as enumerated in *Boykin v. Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. However, we have carefully examined the record and find that the court did comply with the statute in directing many detailed questions to petitioner concerning his constitutional rights and his waiver of them in the entry of a guilty plea. The court also informed petitioner in detail about what the guilty plea meant and carefully established the factual basis of the plea. Petitioner described in his own words how he had shot the victim during the robbery of a drugstore.

We must also note that in post-conviction proceedings the burden of proof rests with the petitioner to establish his grounds to relief by a preponderance of the evidence. Ind.R.P.C. 1 § 5; *Davis v. State,* (1975) 263 Ind. 327, 330 N.E.2d 738. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. *Carroll v. State,* (1976) 265 Ind. 423, 355 N.E.2d 408. His

decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Cottingham v. State,* (1978) Ind., 379 N.E.2d 984.

■ In the instant case, the petitioner contends that the court's phrase "you have the right to remain mute" did not adequately inform him that his constitutional privilege against self-incrimination existed both at the trial and at the hearing. He also contends that the phrase "you would be entitled to have witnesses to testify on your behalf" did not adequately inform him of his constitutional right to have compulsory process for obtaining witnesses in his behalf. However, this Court has consistently held that the "essence of *Boykin* is that the record must affirmatively show that a defendant entering a guilty plea does so voluntarily and intelligently." *Williams v. State,* (1975) 263 Ind. 165, 174, 325 N.E.2d 827, 832. This means that the record must provide a sufficient basis for the conclusion "that defendant was meaningfully informed of the specific rights enumerated in *Boykin.*" *Williams, supra.* The defendant does not have to be advised in the exact language of the constitution to be meaningfully informed. *Saylor v. State,* (1975) Ind. App., 335 N.E.2d 826; *Barron v. State,* (1975) 164 Ind.App. 638, 330 N.E.2d 141.

■ While it is true that the court did not use the precise language set out in the statute, the record does show specific advisement of all the constitutional rights defendant was waiving as outlined in *Boykin, supra,* and an extensive discussion by the court of the effect of entering a guilty plea. The record further shows that defendant was accompanied by his attorney, he was satisfied with his attorney's help at that time, he understood the charges against him, and· he gave a detailed description of events at the time of the crime. This is an adequate record which shows that the guilty plea was freely and intelligently given.

## II.

The petitioner next contends that he was denied the effective assistance of counsel because his counsel did not pursue his request for a change of venue, did not fully pursue a defense of temporary insanity, and did not show him evidence which the state had against him.

■ It has long been established that incompetency of counsel revolves around the particular facts of each case and that strong and convincing evidence is required to rebut the presumption that counsel is competent. *Cottingham, supra, Roberts v. State,* (1977) Ind., 360 N.E.2d 825. Petitioner's counsel testified that although he did not show the state's evidence to petitioner, he did discuss it with him and the petitioner had previously viewed this evidence. The counsel did not recall any specific conversations about a change of judge or change of county, but it was his general opinion the case could not have been taken out of the county. Counsel also investigated the possibility of an insanity defense, considered one psychiatrist's report and consulted with him, but concluded that such a defense was not strong because of petitioner's self-induced drug intoxication at the time of the crime.

■ This Court has often held that the actions or inactions of the attorney must have made the proceedings a .mockery of justice before incompetence will be found. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. *Cottingham, supra; Dull v. State,* (1978) Ind., 372 N.E.2d 171.

■ As outlined above, there was ample evidence of an adequate investigation and consideration of defendant's case by the attorney. Furthermore, the attorney was able to work out a plea agreement where petitioner received a sentence of fifteen to twenty-five years when he could have received a life sentence under the statute covering second-degree murder. We therefore find that the trial court did not err in deciding that petitioner received competent and adequate representation in the instant case.

## III.

The defendant finally contends that the court erred in excluding testimony at the post-conviction relief hearing which would have allegedly established newly discovered, admissible evidence. At the hearing, the defendant sought to call three witnesses who would testify about conversations they had in the Indiana State Prison with one, Leonard Daneau, petitioner's co-defendant. Daneau had committed suicide shortly after these conversations occurred. The state objected to this testimony on the basis of hearsay. The substance of such testimony would have been to the effect that Daneau and not defendant had done the shooting in the instant crime.

While it is true that this offered testimony might be admissible under one of the hearsay exceptions, it clearly does not meet the standard for newly discovered evidence. When newly discovered evidence is raised pursuant to Rule P.C. 1, § 1(a)(4), several requirements must be met and the petitioner must establish that due diligence was used to discover it in time for trial. *Baker v. State*, (1976) 265 Ind. 411, 355 N.E.2d 251. Certainly we must presume that the defendant was aware at the time of the guilty plea proceeding of whether Daneau did the actual shooting or not. Thus it is obvious he failed to use due diligence in the discovery of any evidence supporting that theory. There was no error in excluding this testimony.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.