John DAVIS, Appellant,

v.

UNITED STATES of America et al., Noah Alldredge, Warden, U. S. Penitentiary, Lewisburg, Pennsylvania.

No. 72-1238.

United States Court of Appeals,
Third Circuit.

Submitted Nov. 3, 1972 Under Third Circuit Rule 12(6).

Decided Dec. 22, 1972.

John Davis, pro se.

Samuel J. Orr, III, Asst. U. S. Atty., Pittsburgh, Pa., for the United States and others.

Before ADAMS and MAX ROSENN, Circuit Judges and GREEN, District Judge.

## OPINION OF THE COURT

**MAX ROSENN, Circuit Judge.**

John Davis appeals the denial by the District Court for the Western District of Pennsylvania of his habeas corpus petition asking the court to vacate his sentence imposed after a plea of guilty to a charge of bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Appellant filed the petition under 28 U.S.C. §§ 1343, 2243, and 2255, and 42 U.S.C. §§ 1981, 1982, 1983, and 1985(3), but the district court treated it as a motion to vacate his sentence. The district court found no grounds for relief and dismissed the petition without holding a hearing.[1]

At his arraignment on August 15, 1968, appellant entered a plea of not guilty. Subsequently, at the opening of trial on January 20, 1969, he changed his plea to guilty. He contends (1) that since the court did not personally conduct the entire examination it did not comply with Rule 11 of the Federal Rules of Criminal Procedure when it accepted his plea and (2) that the failure of the court to advise him of his privilege against self-incrimination renders the plea invalid. We have carefully examined the record and have concluded that his contentions are without merit. We therefore affirm.

In the presence of the court and his counsel, the United States Attorney asked appellant personally whether he had discussed fully with his attorney the indictment, whether he understood that he had a right to a trial by jury, whether he was pleading because he desired to, and, specifically, whether he was pleading freely and voluntarily. Appellant replied in the affirmative to each of these questions. The court addressed supplemental questions. Both the court and the United States Attorney asked appellant whether anyone had made any threats, promises, or inducements, and appellant replied in the negative.

The United States Attorney also asked appellant:

> [Y]ou are the person named in Criminal No. 68–137, an indictment that is in two counts and charges that a person named John Davis on or about May 2nd, 1968, in company with two other persons, did take $608 in money belonging to and in the care, custody and control of personnel of the Union National Bank of Pittsburgh, the Allegheny office on Western Avenue, and in the second count of that indictment, with having used a dangerous weapon in having committed that robbery.

Appellant responded "yes," and also stated to the United States Attorney that he had received a copy of the indictment and had discussed it fully with his attorney. When addressed by the court, appellant responded again that he had read the indictment and that he understood what it meant. Similarly, the United States Attorney fully apprised appellant of the consequences of his plea by explaining the maximum sentence that could have been imposed. To determine whether there was a factual basis for the plea, the United States Attorney specifically asked appellant whether he had participated in the robbery on May 2, 1968.[2]

> On this basis we believe that the petition, the files and the record conclusively show no grounds of relief, and the petition will be dismissed.

1. The memorandum and order states in part:
 A full and complete inquiry as to the factual basis for the plea, the understanding of the nature of the charge, the possible maximum penalty, the voluntary nature of the plea and other circumstances was conducted. It occupies eight typewritten pages of the transcript. On searching through this transcript we can find no basis for petitioner's motion, and he has told us of no other grounds.

2. In satisfying itself that there exists a factual basis for a plea, it is not necessary that the defendant personally be asked any questions. The court can satisfy itself as to the factual basis of the plea from any source. Woodward v. United States, 426 F.2d 959, 963 (3d Cir. 1970). Fed.Rul. Crim.Proc. 11, Notes of Advisory Committee on Criminal Law.

Rule 11 provides in part:

> The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. . . . The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

In McCarthy v. United States, 394 U. S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court held that Rule 11 must be literally complied with and that a defendant whose plea has been accepted in violation of the Rule should be afforded the opportunity to plead anew. Since the United States Attorney addressed some of the critical questions to the defendant when his guilty plea was tendered, it would appear that there was not strict compliance with the literal language of Rule 11. In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), however, the Court held that only those defendants whose guilty pleas were accepted after April 2, 1969, the date of the *McCarthy* decision, are entitled to plead anew if their pleas were accepted without compliance with Rule 11. Thus, the "automatic prejudice" *McCarthy* rule does not apply to this case.

■ Since the *McCarthy* "automatic prejudice" rule does not apply, did the violation of Rule 11 in this case amount to reversible error? We think not. Perhaps the rule was not literally complied with, but each element of the rule was substantially satisfied. There was a careful examination into the voluntariness of the appellant's plea. The court also satisfied itself that the appellant understood the nature of the charges.

Although it would have been preferable for the trial court itself to have conducted all of the inquiries, permitting the prosecuting attorney to ask some of the critical questions in the presence of the court does not defeat the objectives of the Rule. The important consideration is that the court have adequate response from the defendant himself to establish the voluntariness of the plea and defendant's understanding of the nature of the charges and the consequences of the plea.[3]

Prior to its amendment, Rule 11 provided in relevant part:

> The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.

Thus, three important changes were made. Two of them, the requirements that the court determine that the defendant understands the consequences of the plea and that the court satisfy itself that there is a factual basis for the plea, are not important in determining whether the court must undertake the interrogation itself. The crucial change is the requirement that the court shall not accept the plea "without first addressing the defendant personally."

The essence of this change is that the defendant be addressed *personally*. Its purpose is to establish clearly of record the voluntariness of the plea by a response directly from the defendant. The word "personally" in the amendment to the rule follows and therefore would appear to modify "defendant," not "court." The change was aimed at preventing a reliance by the court upon a statement or response of the defense attorney rather than the defendant himself to establish voluntariness and understanding of the charge and conse-

---

3. The two purposes of Rule 11 and the reasons for its amendment in 1966 stated by the Court in McCarthy v. United States, 394 U.S. at 465, 89 S.Ct. at 1170, were first, to assist the district judge in determining "that a defendant's guilty plea is truly voluntary," and, second, "to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination."

quences of the plea. There is no indication that permitting counsel for either the Government or the defendant to address appropriate questions to the defendant was an evil at which the amendment was aimed, and we do not perceive evil in such procedures. The court can, and in this case did, address supplemental questions to the appellant personally to satisfy itself that the plea was voluntary.[4]

Rule 52 of the Federal Rules of Criminal Procedure provides: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." There is no intimation in this case that any possible error did affect substantial rights. In *McCarthy*, 394 U.S. at 467 n. 20, 89 S.Ct. at 1171, the Supreme Court noted that the nature of the inquiry required by Rule 11 must necessarily vary from case to case and that "'[m]atters of reality, and not mere ritual, should be controlling.' Kennedy v. United States, 397 F.2d 16, 17 (C.A. 6th Cir. 1968)." Although we suggest that in the future the trial court make all the relevant inquiries, in the context of this case it was not reversible error for the court to make its determinations partially on the basis of answers by the appellant to questions posed by the United States Attorney.[5]

It may well be that if this case were governed by *McCarthy*, we might be required to reverse. It should be noted, however, that the error that was fatal in *McCarthy* was not that the court had not posed the relevant questions, but that the record did not show that they had been posed at all. Finding compliance with Rule 11 would have required the court to *assume* that defendant understood the nature of the charges against him from certain other statements.[6] At least one circuit, the Eighth, has after *McCarthy* held that Rule 11 is complied with although the inquiry pertaining to the consequences of the plea was made by the prosecutor

---

4. THE COURT: Mr. Davis, did you talk this all over with your lawyer?
THE DEFENDANT: Yes, I did.
THE COURT: Did you have a good chance to tell him all the circumstances?
THE DEFENDANT: Yes.
THE COURT: And tell him all about yourself?
THE DEFENDANT: Yes.
THE COURT: And after talking to him, are you now determined that you are going to come in and plead guilty after getting all the advice from your attorney?
THE DEFENDANT: Yes, sir.
THE COURT: Did you tell him everything?
THE DEFENDANT: Yes.
THE COURT: Now, you understand when you come in here and plead guilty, what you are saying to the court is, 'I did this, I did what the government charges.' Do you understand that?
THE DEFENDANT: Yes.
THE COURT: And you have read the indictment or had it read to you and you understand what it means?
THE DEFENDANT: Yes.
THE COURT: Now, did anyone threaten you that you had to do this or you would receive more severe punishment?

THE DEFENDANT: No.
THE COURT: And did anyone promise you that you would receive lesser sentence by pleading guilty or the court would be more lenient?
THE DEFENDANT: No.
THE COURT: Did anyone tell you what the sentence would be?
THE DEFENDANT: No.
THE COURT: And this plea is with the advice of counsel?
MR. DOUGHERTY [Defendant's counsel]: It is, your Honor.
THE COURT: We will take the plea.

5. The Supreme Court has stated that "the Rules are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances." Fallen v. United States, 378 U.S. 139, 142, 84 S.Ct. 1689, 1691, 12 L.Ed.2d 760 (1964).

6. The *McCarthy* Court reasoned that the two goals of Rule 11 "are undermined in proportion to the degree the district judge resorts to 'assumptions' not based upon recorded responses to his inquiries." 394 U.S. at 467, 89 S.Ct. at 1171.

in open court and not the judge. Kress v. United States, 411 F.2d 16 (8th Cir. 1969).[7]

The appellant's petition makes the conclusory allegation that his plea was "unlawfully induced," but he does not support it with any allegations of specific facts. We read the district court's memorandum and order dismissing the appellant's petition to be a finding that the plea was voluntary, and we find no error. We have carefully examined the record of this case, and we are convinced that such ruling was properly made on the basis of the files and record without the necessity of an evidentiary hearing.

 We also reject the argument that the guilty plea is invalid because the court failed to apprise appellant specifically of his privilege against self-incrimination. One of the purposes of Rule 11 was to assure the court that the guilty plea was knowingly and voluntarily made. When such a plea is made, the defendant waives his privilege against self-incrimination, his right to trial by jury, and his right to confront his accuser. McCarthy v. United States, 394 U.S. at 466, 89 S.Ct. 1166. McCarthy, however, indicated that the waiver might be invalid if it were entered without knowledge and intentional relinquishment of

the privilege of self-incrimination. Id. at 466, 89 S.Ct. 1166. Nevertheless, this does not require that the court in all instances advise the accused of that right.

This defendant had entered a plea of not guilty when arraigned more than six months before the opening of his trial. His subsequent request to change his plea was in open court where the paramount concern of the court was that the defendant was not under any compulsion to enter his plea. Appellant was asked whether the plea was voluntary and whether he realized he had a right to trial by jury. Once the court has satisfied itself in this manner that the guilty plea was made knowingly and voluntarily, an independent warning against self-incrimination becomes unnecessary. See United States v. Berlin, 437 F.2d 901, 906 (7th Cir. 1971).[8] It is also unnecessary here because the totality of the circumstances as shown by the record and the substantial compliance with Rule 11 make clear that appellant realized that he did not have to plead guilty.

We have reviewed appellant's other contentions and find them without merit.

The judgment of the district court will be affirmed.

---

7. The Fifth Circuit, Hopkins v. United States, 431 F.2d 429 (5th Cir. 1970), has held that the judge must ask the questions, and the Second Circuit apparently reads Rule 11 in that manner, Manley v. United States, 432 F.2d 1241, 1244 (2d Cir. 1970).

8. The in-court plea proceeding is not comparable to the custodial interrogation of a suspect. In Miranda v. Arizona, 384 U.S. 436, 467, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Supreme Court found that:

> the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work to undermine the individual's will to resist and to com-

pel him to speak where he would not otherwise do so freely.

Miranda held that certain warnings were required in order to combat that atmosphere. That atmosphere is not, however, present in a Rule 11 proceeding when the Rule is fully complied with. But cf. United States v. Robinson, 459 F.2d 1164, 1169 (D.C.Cir. 1972); United States v. Malcolm, 432 F.2d 809, 812 (2d Cir. 1970); Streator v. United States, 431 F.2d 567 (5th Cir. 1970).

Since the atmosphere in open court is not inherently coercive, the fifth amendment privilege against self-incrimination should not be relevant in the absence of any specific allegation of coercion. There was no specific allegation in this case.