LLOYD AVERY, JR. *v.* STATE OF INDIANA.

[No. 176S2. Filed September 30, 1976.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Larry A. Landis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

DeBRULER, J.—Appellant, Lloyd Avery, Jr., appeals from the denial of his post-conviction petition in which he sought to withdraw his guilty pleas to two criminal charges, and to plead anew to them. He was charged with first degree murder in the shooting deaths of his wife and brother-in-law. Upon his plea of guilty to the included offense of second degree murder before the Honorable John H. McKenna, appellant received a sentence of fifteen to twenty-five years.

The guilty plea proceeding occurred on October 28, 1971, and the order book entry, memorializing that event, states the following:

"AND AFTERWARDS on the 28th day of October, 1971, the same being a regular day of the Fourth Quarter Term, 1971, the following further proceedings were had and entered of record in the above entitled cause in the following words and figures, to-wit:

Comes now the State of Indiana by its Prosecuting Attorney and comes also the defendant, in his own proper person and by counsel, Ray Sine, in open court, and the defendant is now interrogated by the Court and instructed as to his constitutional rights and is arraigned, for his plea herein says that he is not guilty, but tenders herein a plea of guilty of the lesser included offense of Murder 2nd Degree, which offer is by the State accepted and the State now waives prosecution on the charge of Murder 1st degree. Defendant for his plea herein now says that he is guilty of the lesser included offense of Murder 2nd Degree. This cause is thereupon submitted to the Court for hearing and trial and the Court, having heard the evidence and being now fully advised in the premises, finds that the defendant is guilty of the lesser included

offense of Murder 2nd Degree and that he is twenty-two years of age.

It is now ordered by the Court that the Probation Department of this Court shall make a pre-commitment investigation as to the defendant herein and that a written report of such investigation be filed with the Court."

A transcript of the guilty plea proceeding occurring on October 28, 1971, certified to by the official court reporter to be true, full and complete, reads in its entirety as follows:

"BY MR. SINE:
    The defendant will plead not guilty in—

BY THE COURT:
    Now, Lloyd, the last I heard from you, you waived jury, is that right?

BY THE DEFENDANT:
A. That is correct.
Q. Then you plead not guilty to Murder in the First Degree, right?
A. Yes.
Q. You have anything further to say about this now?
A. I will plead guilty to Murder in the Second Degree in both cases.
Q. Now, you know the penalty for Murder Second Degree?
A. Life, and fifteen (15) to twenty-five (25) years.
Q. It can either be life or fifteen (15) to twenty-five (25) years, you understand that?
A. Yes, sir.
Q. You had adequate time to talk to Mr. Sine about this?
A. Yes, sir.
Q. And I will ask you these, did you kill your wife?
A. Yes, I did.
Q. Did you kill your brother-in-law?
A. Yes, I did.
Q. You are admitting these crimes?
A. Yes, I am.
Q. Nobody talked you into this plea?
A. No.
Q. Nobody from the Prosecutor's Office or your attorney talked you into this?
A. No.

Q. You know that, do you realize that prison sentence is mandatory, don't you?
A. Yes, sir.
Q. You know what you are doing?
A. Yes, sir.

(EVIDENCE HEARD)

BY THE COURT:

Court now finds the defendant guilty, ordered pre-committment (sic) investigation report, orders pre-committment (sic) investigation report and sets this for sentencing Wednesday, November 3."

REPORTER'S CERTIFICATE

I, Janet R. Hopkins, Official Court Reporter for the Lake Circuit Court, County of Lake, State of Indiana, do hereby certify that the above, within and foregoing is a true, full and complete transcript of all the evidence given in the above entitled hearing and that the same is the original transcript of the evidence as made by me from my shorthand (Machine) notes.

WITNESS MY HAND on the 13th day of November 1974.

/s/ Janet R. Hopkins
Janet R. Hopkins
Official Court Reporter
Lake Circuit Court
Crown Point, Indiana"

Upon consideration of the order book entry and transcript set out above, the judge hearing appellant's post-conviction petition found as follows:

"5. The record of taking the guilty plea in court is silent as to the advices given the defendant by the Court to his right to confront his accusers and his privilege against self-incrimination."

However, the trial judge went on to conclude from testimony given at the post-conviction hearing that appellant had failed in his burden to prove that his guilty plea had not been voluntary, and that he had not intelligently and understandingly waived his federal constitutional rights to confrontation of witnesses and to the privilege against compulsory self-incrimination. Thereupon the court adjudged that appellant was not entitled to withdraw his pleas of guilty and to make new pleas.

The court's finding number five above and the records of the guilty plea proceedings themselves inescapably demonstrate that those records are inadequate to show that appellant was advised of the right to confront his accusers and to be free from compulsory self-incrimination, and that he was offered an opportunity to exercise them, and that he intelligently and understandingly rejected that offer. No lesser content than that could serve as a record upon which to base a waiver of federal constitutional rights. *Carnley* v. *Cochran*, (1962) 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. The duty of Indiana trial judges to preserve a record of such plea proceedings adequate to show that the plea was voluntary and that an intelligent and understanding waiver of federal constitutional rights had occurred at the guilty plea proceeding was first imposed as a matter of federal constitutional due process in 1969, two years prior to the guilty plea under consideration when the Supreme Court of the United States handed down the cases of *McCarthy* v. *United States*, (1969) 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, and *Boykin* v. *Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. In 1972, we applied the *McCarthy-Boykin* standards for testing the sufficiency of a guilty plea proceeding to an Indiana guilty plea which had taken place in 1970 in the case of *Brimhall* v. *State*, (1972) 258 Ind. 153, 279 N.E.2d 557.

If there was any lingering doubt about whether this Court deemed the requirements of *McCarthy* and *Boykin* applicable to pleas of guilty occurring after those cases were handed down, that doubt should have been dispelled by this Court's opinion in *Williams* v. *State*, (1975) 263 Ind. 165, 325 N.E.2d 827. The judge in the post-conviction proceeding before us now for review, relied upon *Williams* in arriving at his conclusion that he could conduct a hearing into the issue of voluntariness after having been presented with a constitutionally deficient plea proceeding record by petition. Such reliance was misplaced. In *Williams*, the record of the guilty plea proceeding incorporated a written statement of the accused in which he affirmed that he had been advised of more than seven

federal constitutional rights, specified in the statement, including those found omitted from the record of the proceedings being considered in this appeal. The Court concluded:

> "A defendant's guilty plea is not tainted merely because the trial court fails to repeat defendant's rights for him, so long as the *record of the guilty plea proceeding* contains evidence from which the trial court may validly conclude that defendant was meaningfully informed of the specific rights enumerated in *Boykin*." (Original emphasis.) 325 N.E.2d at 833.

The record of the guilty plea proceedings before us now, contains nothing from which one might conclude that appellant was informed of the right to confront witnesses and to have the benefit of the privilege against compulsory self-incrimination, and as required by the Fifth and Sixth Amendments to the United States Constitution, made applicable to the State of Indiana through the due process clause of the Fourteenth Amendment, upon such record appellant is entitled to withdraw his guilty pleas and to plead anew.

The judgment of the trial court is reversed with instructions to grant the petition.

Givan, C.J., Hunter and Prentice, JJ., concur; Arterburn, J., dissents with opinion.

### DISSENTING OPINION

ARTERBURN, J.—I dissent from the granting of Post-Conviction relief in this case.

The record shows that this was a bargained plea in which the first degree murder charge was reduced to second degree by agreement with the prosecutor. Now the defendant reneges on that arrangement after 4 or 5 years and contends that the trial court did not properly instruct him on his constitutional rights.

The record clearly shows that his contention is not true. The record shows: "and the defendant is now interrogated by the Court and instructed as to his constitutional rights. . . ."

I find no cases that require that the Judge has to read the Constitution, read every provision and give a lecture on constitutional law and put the lecture in the record before he can take a plea of guilty.

This man had adequate, competent counsel which was for the purpose of informing him of his legal rights. I can see no grounds whatever or any evidence that this man was deceived or misinformed of his constitutional rights.

NOTE.—Reported at 355 N.E.2d 395.