RICHARD ALLEN MALECK *v.* STATE OF INDIANA.

[No. 1276S451. Filed December 16, 1976.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, *Peter W. Bullard,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant Maleck, hereinafter petitioner, was charged with assault and battery with intent to rape. He was arraigned on May 8, 1973. The record entry for that date states, "[T]he defendant is now interrogated by the Court and instructed as to his constitutional rights and now waives the reading of the affidavit, waives trial by Jury and for his plea herein says that he is not guilty." There is no verbatim transcription of the arraignment. On July 12, 1973, petitioner sought leave of court to withdraw his plea. The record entry for that date states, "The Court now grants leave to the defendant to withdraw his not guilty plea herein. The Court re-advises the defendant of his rights and the defendant for his plea herein says that he is guilty. . . ." The verbatim transcript of this hearing shows the petitioner was not advised of his right to trial by jury, his right against self-incrimination nor his right to confront his accusers. The trial court, however, accepted petitioner's guilty plea and he was sen-

tenced on August 15, 1973. Thereafter petitioner sought post-conviction relief alleging he was not adequately advised of his constitutional rights before the court accepted his plea. The trial court denied his petition and the Court of Appeals affirmed that judgment. *Maleck* v. *State,* (1976) Ind. App., 352 N.E.2d 540. The petition for transfer is hereby granted.

Before a guilty plea can be accepted, the trial judge must assure himself that the plea is voluntary, knowing and intelligent. In order to effectuate this determination, a defendant must be advised of his constitutional right to trial by jury, his rights against self-incrimination and his right to confront his accusers. *Boykin* v. *Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Williams* v. *State,* (1975) 263 Ind. 165, 325 N.E.2d 827. In implementing this protection, our rules require a verbatim transcript of the guilty plea arraignment. This is to preserve the evidence taken and facilitate review of any later proceeding questioning the validity of the arraignment. Ind. R. Crim. P. 10.

Whether an adequate advisement of rights at a previous hearing renders the acceptance of a subsequent guilty plea proper, has not been considered by this Court. As pointed out by the public defender's brief, specific language of our cases not dealing with this particular question tend to support the view that it does not. *Williams, supra; Conley* v. *State,* (1972) 259 Ind. 29, 284 N.E.2d 803; *Brimhall* v. *State,* (1972) 258 Ind. 153, 279 N.E.2d 557. In any event, we now hold it necessary for the trial judge to fully advise a defendant of his rights at the time a guilty plea is tendered, or have a record before him which demonstrates a full advisement. Only when a defendant is seriously considering entering a guilty plea will the advisement be meaningful to him and for the trial judge in determining an intentional and intelligent waiver of known rights. This is not an undue burden to place upon the trial court. The defendant is on the verge of committing years of his life to confinement. The little time necessary for the trial judge to advise a

defendant at the time of his plea is a modicum relative to the significant consequences to a defendant.

Reversed and remanded to the trial court for proceedings not inconsistent with this opinion.

DeBruler and Prentice, JJ., concur; Arterburn, J., dissents with opinion in which Givan, C.J., concurs.

### DISSENTING OPINION

ARTERBURN, J.—This is a case of assault and battery with intent to rape. The Defendant on a plea of guilty was sentenced on August 15, 1973. The Court of Appeals (Garrard, J.) affirmed the trial court's denial of a post conviction remedy. It is on petition to transfer in this court.

The only question presented is whether or not the petitioner was adequately advised when he pleaded guilty. When the Defendant was first arraigned he pleaded not guilty. The record shows a docket entry stating that he was "instructed as to his constitutional rights" at that time. He later asked leave to change his plea to guilty and the record shows "the Court readvises the defendant of his rights."

If an accused is arraigned more than once in a particular case, the constitutional requirements are met if the defendant received adequate advice at any one of the arraignments. *Fraley* v. *State,* (1975) Ind. App., 323 N.E.2d 239. The burden is on the defendant in a post conviction proceeding to establish his right to relief. Here, that means establishing that he was not properly advised.

Our rule, Ind. R. Crim. P. 10, which requires the court to make a transcript of the advice it gives to a defendant at the time he pleads guilty, is a meritorious rule. However, it is not a constitutional provision. The constitutional provision provides for a fair trial and hearing, not that a *full* transcript be made of the hearing.

The majority states that the transcript of the guilty plea hearing shows that the petitioner was not advised of his right

to trial by jury, his right against self-incrimination, and his right to be confronted by his accusers. Yet the majority opinion does not state that the Defendant, who has the burden of proof, showed that he was not otherwise advised as to these rights. Nor does the record show that the Defendant denied he knew he had a right to a jury trial, etc., and would not have pleaded guilty if he had had such knowledge. What advantage is there to the right to be confronted by one's accusers when one knows he is guilty and he voluntarily pleads guilty?

If the Defendant had shown here that he was an ignorant man and that his attorney did not advise him that he could have a jury trial, etc., we might have a case of prejudicial error. But it is straining at a fiction to assume that the Defendant was that ignorant or unadvised, having employed counsel of his own choosing when he pleaded guilty.

The evidence does show the questioning by the court at the Defendant's second arraignment, and that the Defendant stated he wished to withdraw his plea of not guilty and enter a plea of guilty at the time; that he understood the nature of the charges against him; that he had full opportunity and did discuss the matter with his attorney; that his plea of guilty was voluntary and no promises had been made to induce him to change his plea; that he was not under the influence of any intoxicants or any drugs; that he understood the penalty for the crime at the time he pleaded guilty. The transcript of the hearing shows the following also:

"Q. * * * now you tell me exactly what did happen if you want to. You are not forced to take the stand and testify unless you so desire.

"A. I stopped her on the street and pulled her between two (2) buildings—two (2) houses.

"Q. How far did you have to take her?

"A. Fifteen (15) feet, I guess.

"Q. Did you know her? Were you acquainted with her before the date this happened?

"A. I seen her before.

"Q. You were not personally acquainted with her, were you?

"A. No, Your Honor.

"BY MR. HOWARD: If I could add to this, in a store in Hobart, Mr. Maleck has frequented the store quite often, observing her, and she waited on him and he suffered from a wrong impression by her, well received, and on this particular evening she was walking down the street, he was in his car, it was 5:30 to 6:00 in the evening.

"BY THE DEFENDANT: Later than that.

"BY MR. HOWARD: It was in the evening and he stopped his car, approached her and assaulted her and did, in fact, take her between two (2) houses and then he realized what he was doing, he was also drinking, and left her there and got in his car and the next day he went back to the store to apologize to the girl and that is the first time she recalls ever seeing who he was ever since."

As the Court of Appeals opinion states, the Defendant at the hearing on the post conviction remedy stated that he "had no independent recollection of what had gone on at the proceedings." The majority opinion makes a far-fetched assumption that the burden of proof which was upon defendant (i.e., to show he was not advised fully as to his constitutional rights) was thus sustained. The majority appears to strain to find a technicality to reverse this flagrant case of guilt wherein the Defendant confessed. In fact, he attempted to apologize to his victim for his attack upon her.

It would appear that a trial court in such a case, in order to do an adequate job under the majority opinion, would have to read the entire constitution, and give a lecture thereon, and make this all a part of the record to adequately advise a defendant. With nit-picking, something can always be found lacking. The burden of proof seems to be shifted in this case to the State rather than being on the defendant in a post conviction review.

To me this is a flagrant example of a defendant's trifling with the judicial processes and the court. The Defendant

pleaded not guilty, then he asked to withdraw his plea and to plead guilty. After being sentenced, he filed a post conviction remedy asking that the whole procedure be set aside claiming, based upon a technicality, that he was not informed of his rights. He does not deny that he knew all of his rights.

There are times when a court through an honest oversight violates a rule, which violation becomes purely technical when the defendant fails to show that he was misled, harmed or prejudiced thereby. In such instances the omission should be ignored on appeal. It has not been shown that the Defendant was prejudiced, misled, abused or deceived. The Defendant merely urges a technicality which is not proved by him. It is a case such as this, where guilt is plain and evident, that brings down on this court a just condemnation for failure to decide cases on their merits.

Givan, C.J., concurs.

NOTE.—Reported at 358 N.E.2d 116.