LONNIE DAVID WILLIAMS *v.* STATE OF INDIANA.

[No. 1275S363. Filed June 15, 1977.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Peter W. Bullard,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

PRENTICE, J.—Appellant, Lonnie Williams, appeals from the denial of his post-conviction petition by which he sought to withdraw guilty pleas upon two counts of first degree murder, and to plead anew. The guilty plea proceeding occurred on March 29, 1971, and the appellant was sentenced to two terms of life imprisonment.

The sole issue to be considered is whether it must appear on the face of the record of guilty plea proceedings occurring after June 2, 1969 that the defendant was fully advised concerning the constitutional rights which are waived by entering a plea of guilty.

In its findings of fact, the court below stated that the transcripts of the guilty plea and sentencing proceedings are silent as to the advice given Williams concerning his right to confront his accusers and his privilege against self-incrimination. However, relying upon evidence extrinsic to the record of the guilty plea proceedings, the trial court found that from advisement by counsel, Williams knew that he had a right to trial by jury and that witnesses would be called to testify against him and further found that he independently knew of his right to trial by jury and procedures of trial. Upon this basis the trial court concluded that Williams has advised "either by the court or through advise (sic)

of counsel, of all three of his *Boykin* constitutional rights, trial by jury, confrontation of witnesses and privilege against self-incrimination." The trial court further concluded that the guilty pleas, therefore, had been made "knowingly, intelligently and understandingly," and Williams' petition was denied.

In *Avery* v. *State,* (1976) 265 Ind. 417, 355 N.E.2d 395, this Court was faced with the identical issue. Justice DeBruler said in that case:

> "The record of the guilty plea proceedings before us now, contains nothing from which one might conclude that appellant was informed of the right to confront witnesses and to have the benefit of the privilege against compulsory self-incrimination, and as required by the Fifth and Sixth Amendments to the United States Constitution, made applicable to the State of Indiana through the due process clause of the Fourteenth Amendment, upon such record appellant is entitled to withdraw his guilty pleas and to plead anew."
>
> "* * * The judge in the post-conviction proceeding before us now for review, relied upon *Williams* in arriving at this conclusion that he would conduct a hearing into the issue of voluntariness after having been presented with a constitutionally deficient plea proceeding record by petition. Such reliance was misplaced." 355 N.E.2d at 397.

June 2, 1969, is a date of significance because it is when the Supreme Court of the United States decided the case of *Boykin* v. *Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, which imposed the duty to establish a record of guilty plea proceedings sufficient to show that the guilty plea was voluntary and that an informed and understanding waiver of federal constitutional rights had occurred.

Accordingly, the judgment of the trial court is reversed with instructions to grant the petition.

Givan, C.J. and DeBruler and Hunter, JJ., concur; Pivarnik, J., dissents with opinion.

DISSENTING OPINION

PIVARNIK, J.—I dissent from the majority opinion in this cause for the reason that it requires a higher standard of review of the trial court's actions than the *Boykin* case, the basic authority relied upon by the majority, has established. It must be kept in mind that we are dealing here with a guilty plea entered after *Boykin*, but before the effective date of Ind. Code § 35-4.1-1-3 (Burns 1975).

The *Boykin* case was based on a record that showed an absolute lack of any information from which the court could conclude that the appellant had knowingly, intelligently and understandingly entered his plea of guilty, or had been informed of any of his constitutional rights.

In this case the record shows that a plea bargain was entered into by the parties and was presented to the court at the time of the entry of the guilty pleas. It further shows both that the court inquired of the defendant as to whether or not he understood that he could have a jury trial, and that defendant had counseled with his attorney before taking the step of entering a guilty plea. It is true that the record does not show that the court advised the defendant of every constitutional right that he had, but the *Boykin* case does not require this.

The language of the Fifth Circuit of the United States Court of Appeals is significant in *United States* v. *Frontero,* (5th Cir. 1971) 452 F.2d 406. In that case, advices by the court on a plea of guilty by co-defendant Kelly were similar to those in this case in that the court did inform the defendant that he had a right to a jury trial which he was waiving, and inquired of him whether he knew what the results of his guilty plea were. The Court of Appeals stated in that case:

> "Kelly argues that he was not informed of the constitutional rights waived as a consequence of his guilty plea. The colloquy between Kelly and the district judge reveals the fact that Kelly was informed that his plea constituted a waiver of his right to a jury trial. This, Kelly argues, was not enough. He claims that he should have been informed that his plea constituted a waiver of his right to

confront his accusers and his privilege against compulsory self-incrimination. This Court is, however, aware of no precedent, from the Supreme Court or elsewhere, for the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a "consequence", within the meaning of Rule 11, of which a defendant must be personally informed before a guilty plea may be accepted. Carrying Kelly's argument to its logical conclusion, the court, before accepting a guilty plea, would be required to inform a defendant of his right to a speedy and public trial, his right to an impartial jury, his right to compulsory process for obtaining witnesses, his right to be free from cruel and unusual punishment, his right to be free from unreasonable searches and seizures, his right to have excluded from the trial any evidence illegally seized and many more. We do not read Rule 11 as requiring this; nor do we feel that due process requires this. Kelly relies heavily, in fact solely, on *Boykin* v. *Alabama,* 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, as authority for this contention. This reliance is misplaced. *Boykin* involved a silent record where there was absolutely no showing that the guilty plea was intelligently and voluntarily entered. The record in the case at bar reveals affirmative awareness of the 'consequences' of a guilty plea."

The *Frontero* case cited above was decided after the *Boykin* case and prior to amendment of Fed. R. Crim. P. 11, which Rule now requires that the court give specified instructions and explanations to the defendant upon receiving a guilty plea. Among these specified instructions are the waivers contended in this cause, namely the right against self-incrimination and the right to face witnesses. Our state courts have a similar obligation since July 26, 1973, by enactment of the General Assembly. Ind. Code § 35-4.1-1-3 (Burns 1975). There is no question, under both Rule 11 in the federal courts and the enactment of the General Assembly in 1973, that it is the duty of trial courts to give specified advisements to the defendant on entering a guilty plea. A failure to do so will now require the ordering of a new trial by this court. The problem arises on those causes before the enactment by the Indiana General Assembly, but after the *Boykin* decision.

In *North Carolina* v. *Alford,* (1970) 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162, the Supreme Court of the United States enunciated the standard for determining the validity of guilty pleas as follows:

"The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."

Federal Circuit Courts are in accord with this interpretation of *Boykin. See Kloner* v. *United States,* (2nd Cir. 1976) 535 F.2d 730; *Davis* v. *United States,* (3rd Cir. 1972) 470 F.2d 1128; *Wade* v. *Coiner,* (4th Cir. 1972) 468 F.2d 1059; *Fontaine* v. *United States,* (6th Cir. 1975) 526 F.2d 514, *cert. denied* 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976); *United States* v. *Dorsynski,* (7th Cir. 1973) 484 F.2d 849, *rev'd on other grounds,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *Todd* v. *Lockhart,* (8th Cir. 1974) 490 F.2d 626; *United States* v. *Sherman,* (9th Cir. 1973) 474 F.2d 303; *Stinson* v. *Turner,* (10th Cir. 1973) 473 F.2d 913. *See also State* v. *Turner,* (1971) 186 Neb. 424, 183 N.W.2d 763, 765:

"Essentially, defendant relies on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Defendant contends that Boykin requires an affirmative showing in the record that the trial court advised him of his privilege against compulsory self-incrimination as well as his right to confront his accusers before a determination of his waiver of these constitutional guarantees. We do not interpret Boykin so strictly. What Boykin says is that the court cannot presume a waiver of federal constitutional rights from a silent record. That case requires that a plea of guilty must not only be intelligent and voluntary to be valid but the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily. This the present record shows.

"If we understand defendant's argument, in his reliance on Boykin, as well as on McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, which deals with Rule 11 of the Federal Rules of Criminal Procedure, it is his contention that the trial court must direct a defendant's attention to each and every constitutional right and then obtain a separate expressed verbal waiver to each of them before it can find an intelligent and voluntary waiver. This

requirement of an item-by-item review of constitutional rights on a guilty plea is a strained and a too extreme construction of those cases."

Finally, in *United States* v. *Journet,* (2nd Cir. 1976) 544 F.2d 633, 635, the Court of Appeals said in determining the standard prior to the amendment of Rule 11 (characterized by the court as the old rule),

> "[W]e held that the language of the old rule, which was general in nature, did not necessarily require the court to enumerate each and every right waived by the pleader as long as the record, viewed in the totality of the surrounding circumstances, demonstrated that the defendant was 'sufficiently aware of the consequences of and alternatives to his guilty plea to render his plea a voluntary and intelligent one.'"

The United States Supreme Court is apparently in accord with this standard of review in cases before the new federal Rule 11. It recently denied certiorari in a case wherein defendant claimed that a federal district judge had to advise that entering a guilty plea amounted to a waiver of the right to confrontation and the privilege against self-incrimination. *Birchfield* v. *United States,* (10th Cir. August 25, 1976) 45 U.S.L.W. 3386, *cert. denied* 429 U.S. 1073, 97 S.Ct. 810, 45 U.S.L.W. 3508, 50 L.Ed.2d 791 (1977).

In the case before us we have a situation where the record shows that the parties were before the court on a plea bargain arrangement entered into by the parties. The record further shows that the court discussed the plea with the defendant and determined that he was willingly and intelligently entering that plea, that his confessions were put into evidence to provide prima facie evidence to the court that a crime had been committed, and that the court accepted his guilty plea following all of this. I feel that this meets the constitutional safeguards and standards provided for in the *Boykin* case, and that the majority opinion sets a higher standard than either the Supreme Court of the United States or other courts following the *Boykin* decision have set.

NOTE.—Reported at 363 N.E.2d 971.