JOHNNIE HOLLINGSHED *v.* STATE OF INDIANA.

(No. 976S301. Filed August 2, 1977.)

*Harriette Bailey Conn,* Public Defender of Indiana, *Eugene C. Hollander,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellee.

DeBRULER, J.—This appeal arises from the denial of a petition for post-conviction relief by which appellant sought permission to withdraw a plea of guilty. The plea was entered before the Honorable Saul I. Rabb on February 8, 1971, to the offense of second degree murder upon a charge of first degree murder. Appellant received a sentence of fifteen to twenty-five years

The verified post-conviction petition was based upon appellant's claim that he had not made his plea knowingly, intelligently and voluntarily, in that the trial court had not informed him of the rights which he would relinquish by pleading guilty. The State in its answer responded that the record of the guilty plea proceedings showed that appellant

was entitled to no relief. The Honorable William J. Dougherty denied the petition without a hearing.

Appellant's plea of guilty was entered after the decision in *Boykin* v. *Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. It was likewise entered after the 1970 guilty plea proceeding found defective upon application of *Boykin* standards in *Brimhall* v. *State,* (1972) 258 Ind. 153, 279 N.E.2d 557. Therefore the record of the guilty plea proceeding at which appellant entered his plea must serve the office of a waiver record, and in order to do so must demonstrate that appellant was advised of the rights enumerated in *Boykin. Williams* v. *State,* (1977) 266 Ind. 373, 363 N.E.2d 971; *Avery* v. *State,* (1976), 265 Ind. 417, 355 N.E.2d 395; *Williams* v. *State,* (1975) 263 Ind. 165, 325 N.E.2d 827; *Brimhall* v. *State, supra.*

The transcript of the plea proceeding and the order book entries relating to that proceeding were before the court below. The only reference to an advisement of rights in this written matter is made in the order book entry reflecting such plea proceeding and consists of the general, conclusory statement, "The court advises the defendant of constitutional rights." The transcript of the plea proceeding on the other hand, certified to as true and complete by the court reporter and Judge Rabb, contains no advisement of the rights mentioned in *Boykin.* In order for this record to be adequate and the plea therefore voluntary, it must provide a sufficient basis for the conclusion "that appellant was meaningfully informed of the specific rights enumerated in *Boykin."* *Williams* v. *State, supra.* In *Avery* v. *State, supra,* we considered a record like this one. It consisted of an order book entry of like import and a transcript devoid of an advisement of rights. There we concluded:

> "The record of the guilty plea proceedings before us now, contains nothing from which one might conclude that appellant was informed of the right to confront witnesses and to have the benefit of the privilege against compulsory self-incrimination, and as required by the Fifth and Sixth Amendments to the United States Constitution, made ap-

plicable to the State of Indiana through the due process clause of the Fourteenth Amendment, upon such record appellant is entitled to withdraw his guilty pleas and to plead anew." 355 N.E.2d at 398

As the major components of the records in this case and the *Avery* case are the same, they should be treated the same. We therefore conclude that upon this record appellant is entitled to withdraw his guilty plea.

The State suggests that there is something in the case of *Anderson* v. *State,* (1975) 263 Ind. 583, 335 N.E.2d 225, which would warrant us in reaching a different conclusion. There the Court reaffirmed the basic proposition that the record of the plea proceeding must affirmatively show a knowing and voluntary waiver of rights before a plea of guilty can be upheld. The Court found such an affirmative showing in that record. That record was very different from the one before us, in that it reflected a variety of events and circumstances wholly absent from this record. However, the principles applied by the *Anderson* Court are the same as those we apply today.

The judgment of the trial court is reversed and the case is remanded with instructions to grant the petition.

Givan, C J., Hunter and Prentice, JJ., concur; Pivarnik, J., dissents with opinion.

### DISSENTING OPINION

PIVARNIK, J.—I respectfully dissent from the majority opinion for the same reasons stated in my dissent in *Williams* v. *State,* (1977) 266 Ind. 373, 363 N.E.2d 971, and herein restate my position in that case.

Here, appellant's claim is that he was not advised of *Boykin* rights and thus did not waive them, and that the record is for these reasons fatally defective. The guilty plea herein having been accepted in 1971, it occurred prior to the passage of Ind. Code § 35-4.1-1-3 (Burns 1975), requiring, among other things, specific advisement of *Boykin* rights by the judge to the defendant, and Ind. Code § 35-4.1-1-5 (Burns 1975), which

requires recording of the "entire proceedings" surrounding guilty pleas in felony cases. The effective date of the above statutes was July 26, 1973.

This Court has held, with respect to a pre-July 26, 1973 guilty plea, that while it is desirable that a trial judge personally advise a defendant of his rights as enumerated in *Boykin*, this is not a hard and fast rule. Rather, a record may otherwise affirmatively show that a defendant who enters a guilty plea does so knowingly and voluntarily. *Anderson* v. *State,* (1975) 263 Ind. 583, 335 N.E.2d 225, 227. The case of *Maleck* v. *State,* (1976) 265 Ind. 604, 358 N.E.2d 116, which requires a full advisement of *Boykin* rights to be reflected in the record pursuant to Ind. R. Crim. P. 10, did not overrule *Anderson*. Involving a guilty plea accepted by the trial court on August 15, 1973, *Maleck* is consistent with our legislature's policy of making *Boykin* advisement mandatory beginning July 26, 1973.

To hold the *Anderson* standard applicable would require overruling our decision in *Avery* v. *State,* (1976) 265 Ind. 417, 355 N.E.2d 395. Without discussing either *Anderson* or our new statutes, this case allowed a defendant to withdraw a 1971 guilty plea because there was no record of each enumerated *Boykin* right being separately advised to defendant and waived. *Avery* is clearly contrary to a series of post-*Boykin*, pre-Fed. R. Crim. P. 11(c) decisions in the federal circuits, each of which has held that advisement and waiver of each enumerated trial right is not a prerequisite to sustaining a guilty plea on review. *Kloner* v. *United States,* (2d Cir. 1976) 535 F.2d 730; *Davis* v. *United States,* (3d Cir. 1972) 470 F.2d 1128; *Wade* v. *Coiner,* (4th Cir. 1972) 468 F.2d 1059; *United States* v. *Frontero,* (5th Cir. 1971) 452 F.2d 406; *Fontaine* v. *United States,* (6th Cir. 1975) 526 F.2d 514, *cert. denied* 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976); *United States* v. *Dorszynski,* (7th Cir. 1973) 484 F.2d 849, *rev'd on other grounds,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *Todd* v. *Lockhart,* (8th Cir. 1974) 490 F.2d 626; *United States* v. *Sherman,* (9th Cir. 1973) 474 F.2d 303;

*Stinson* v. *Turner,* (10th Cir. 1973) 473 F.2d 913. "The new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Brady* v. *United States,* (1970) 397 U.S. 742, 747 n. 4, 90 S. Ct. 1463, 1468, 25 L.Ed.2d 747, 756. *See also North Carolina* v. *Alford,* (1970) 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. The error in both the *Avery* decision and in appellant's argument is that they put "a strained and too extreme construction" on the language of *Boykin* and *McCarthy* v. *United States,* (1969) 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed 2d 418. *See State* v. *Turner,* (1971) 186 Neb. 424, 183 N.W.2d 763, 765.

*Brimhall* v. *State,* (1972) 258 Ind. 153, 279 N.E.2d 557 involved a *silent* record: the defendant there said nothing in respect to the knowingness or voluntariness of his plea. The silent record in *Brimhall* fell directly under the prohibition of *Boykin.* In *Williams* v. *State,* (1975) 263 Ind. 165, 325 N.E.2d 827, the evidence clearly indicated that defendants had been advised of *Boykin* rights by their defense counsel. Such evidence affirmatively showed a knowing and voluntary waiver, even without additional and identical advisement from the judge, as is now required under Ind. Code § 35-4.1-1-3 (Burns 1975), and *Maleck* v. *State, supra*

While the record here is not as specific and complete on the matter of trial rights advisement as is now required, neither is it silent. The record entry of the date the guilty plea was entered reflects that the trial court advised the defendant of his constitutional rights. The transcript of the proceedings contains an exchange between defendant and the court in which defendant affirmed that he had consulted with his attorney for about two hours prior to entry of the plea. This attorney was a different one than that who represented Hollingshed in earlier stages of the proceeding. Defendant Hollingshed had succeeded in procuring his second attorney after alleging the first was "uncooperative" in a letter to the judge. Thus, the general reference to an actual

advisement of rights to Hollingshed at the time of his plea, together with the totality of other circumstances, convinces me that defendant's plea of guilty was knowing. *Anderson, supra* at 227.

Neither is the record silent on the question of voluntariness. Defendant told the court that there were no promises or threats connected with his guilty plea, and that there were no promises or threats from policemen connected with the case. The fear of the United States Supreme Court in *Boykin,* about the possibility of threats or inducements underlying a silent record, is thus inapplicable here. Defendant Hollingshed further answered the court's questions about what the penalty was for second degree murder, and admitted firing the fatal shots at the decedent. Finally, the following exchanges between the defendant and the court are noteworthy in the voluntariness context:

THE COURT: Did anybody make you plead Guilty, or are you doing this all on your own?

HOLLINGSHED: Didn't nobody make me plead Guilty.

THE COURT: You doing this all on your own?

HOLLINGSHED: Right.

.  .  .  .

THE COURT: Are you doing this all on your own, voluntarily?

HOLLINGSHED: Yes.

In a post conviction proceeding, the petitioner has the burden of establishing his grounds for relief by a preponderance of evidence. *Davis* v. *State,* (1975) 263 Ind. 327, 330 N.E.2d 738; *Colvin* v. *State,* (1975) 262 Ind. 608, 321 N.E.2d 565. I agree with the court below that appellant has failed to meet this burden with respect to his claim of an unknowing and involuntary plea.

I would overrule *Avery* and affirm the judgment of the trial court.

NOTE.—Reported at 365 N.E.2d 1215.