ROGER PITMAN *v.* STATE OF INDIANA

[No. 2-1076A411. Filed November 30, 1977.]

*Jack Quirk,* of Muncie, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Roger Pitman appeals from the denial of his Petition For Post Conviction Relief claiming the record fails to disclose that he was fully informed of his constitutional rights before he pled guilty to a charge of Second Degree Burglary.[1]

We reverse.

## FACTS

On October 23, 1974, an information was filed charging Pitman with Second Degree Burglary. At the arraignment on November 12, Pitman, assisted by counsel, entered a plea of guilty and the following exchange took place:

---

1. IC 35-13-4-4(b).

JUDGE: What's your pleasure Mr. Hall?

MR. HALL: We waive formal arraignment and enter a plea of guilty.

JUDGE: All right. Sit down right here will you. The court's informed there's a possibility of entering a plea of guilty to this case. You understand that if you do that that you're waiving all of your rights to a jury trial? You understand that?

A: Yes.

JUDGE: And you're waiving your right to subpoena witnesses, you understand that?

A: Yes.

JUDGE: And you're also waiving your right to be faced by your accusers, you understand that?

A: Yes.

JUDGE: When you do plead guilty you're waiving these things and then the court will refer the matter to Mr. Cunnington, the Probation Officer, for investigation without a trial or without witnesses, you understand that?

A: Yes.

JUDGE: All right Mr. Hall what's your pleasure?

MR. HALL: He'd like to plead guilty your honor.

JUDGE: All right. All right then you'll enter a plea of guilty to this Second Degree Burglary?

A: Yes.

JUDGE: And you understand the conditions now do you?

A: Yes sir.

JUDGE: The court's not promising you anything. We'll rely on Mr. Cunnington's investigation and recommendation. You understand?

A: Yes.

JUDGE: All right sir. The court will accept your plea of guilty and Mr. Cunnington will have your report ready by December the 2nd. So you be back here December the 2nd at 11:00 o'clock A.M.

Pitman's plea was accepted and he received a sentence of two

to five years. A few days later he petitioned the trial court for post-conviction relief pursuant to Post-Conviction Remedy Rule 1 which was denied. From that denial he later filed a belated Motion to Correct Errors.

## ISSUE

We need consider only one issue:[2]

Did he knowingly waive his privilege against self-incrimination at the guilty plea hearing?

## DECISION

The crucial fact in this case is that Pitman pled guilty on November 12, 1974, *after* the effective date of IC 35-4.1-1-3, which, among other things, requires specific advisement of an accused's "Boykin" rights.

*Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, had previously established standards that must be complied with at a guilty plea hearing:

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. *First, is the privilege against compulsory self-incrimination* guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second, is the right to trial by jury. Third, is the right to confront one's accusers. We cannot presume a waiver of these three important federal rights from a silent record. (Emphasis supplied). (Citation omitted).

Our Supreme Court followed *Boykin* in *Brimhall v. State* (1972), 258 Ind. 153, 279 N.E.2d 557, reversing a conviction because "There is nothing in this record to indicate that the appellant was advised of his rights under the State and Federal Constitutions, and nothing to indicate that he intentionally and fully waived those rights." Also see *Maleck v. State* (1977), 265 Ind. 604, 358 N.E.2d 116, in which the conviction was reversed because the defendant was not "fully" advised of his rights; and *Bonner v. State* (1973), 156 Ind. App. 513, 297 N.E.2d 867, in which a convic-

---

2. As we reverse on this issue, we need not consider the other errors raised in Pitman's appeal.

tion was reversed because of failure to inform the defendant of two of the three *Boykin* rights; and more recently to the same effect, *Hollingshead v. State* (1977), 266 Ind. 597, 365 N.E.2d 1215.

Then, if there was any doubt as to what rights should be included in advising an accused of the constitutional rights he was waiving by pleading guilty, any such doubt was disspelled by the passage in 1973 of IC 35-4.1-1-3, which in pertinent part provides:

> (c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt *at a trial at which the defendant may not be compelled to testify against himself.* (Emphasis supplied).

Absent from this record, and contrary to the statute, is any showing that Pitman was informed of his right to avoid self-incrimination.

In reversing the conviction for failure of the court to advise Pitman of his right against self-incrimination, we observe that the trial judge also failed to comply with other parts of the statute governing guilty pleas.[3]

---

3. The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) determining that he understands the nature of the charge against him;

(b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby.

IC 35-4.1-1-3.

The judgment is reversed.

Sullivan, P.J. concurs.

Lybrook, J. (by designation) concurs.

NOTE—Reported at 369 N.E.2d 689.