**Timothy Allen HECKERT, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 978S190a.**

Supreme Court of Indiana.

Nov. 14, 1979.

Harriette Bailey Conn, Public Defender, K. Richard Payne, Sp. Asst. for appellant.

Theo. L. Sendak, Atty. Gen., Richard A. Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

In 1975 appellant was convicted of second degree murder upon a plea of guilty and received a sentence of fifteen (15) to twenty-five (25) years. In 1978 the trial court denied his post-conviction petition to vacate the judgment and withdraw the plea. This appeal is from that order.

The trial court which accepted appellant's plea conducted a court proceeding for that purpose in accordance with Ind.Code §§ 35–4.1–1–3 and –4. Thereafter a certified transcript of those proceedings was filed by the court as required by Ind.Code § 35–4.1–1–5. In the post-conviction claim appellant contends that the record of those proceedings was deficient in that it did not include particular matter essential to a determination by the post-conviction court and by this Court in review of that court that there was a factual basis for the plea and that the plea was knowingly and voluntarily given.

■ It is now well-settled that the record of the plea proceedings must show on its face that the admission of guilt and the waiver of fundamental rights were freely and understandingly made. *Hollingshed v. State,* (1977) 266 Ind. 597, 365 N.E.2d 1215. If the record is deficient for these purposes the conviction must be vacated and the defendant must be permitted to plead anew. *Avery v. State,* (1976) 265 Ind. 417, 355 N.E.2d 395. Most recently we have held that the record is deficient if it does not disclose that the defendant was informed of the rights and law detailed in Ind.Code § 35–4.1–1–3. *Turman v. State,* (1979) Ind., 392 N.E.2d 483.

■ Appellant first complains that the record of the plea proceeding is deficient because it does not include a transcript of certain testimony. The trial judge who accepted his plea also conducted the earlier trial of a co-defendant at which appellant had testified for the prosecution. Appellant contends that without this transcript the record is insufficient to show a factual basis for the plea. Under questioning by the plea judge appellant stated that he had given testimony at the former trial in the following manner:

"Q. All right, now tell me in substance what happened here.

A. It is just like I told the Court when I was here before—I was there with him but I did not go and kill her. I was there but I didn't do it.

Q. All right. This Court happened to be sitting here when we tried the co-defendant and heard your testimony. Is that testimony that you gave there on the witness stand the same testimony you would give if you were placed on the witness stand today?

A. Yes.

Q. Verbatim?

A. Yes.

Q. There is no argument about that?

A. No argument."

Thereafter the investigating officer on the record at the plea proceeding related the evidence which had been marshalled against appellant including appellant's own confession. Heckert and Tope abducted a girl and both raped her. Tope took the girl from the car and stabbed her to death with Heckert's knife, and then Tope, accompanied by Heckert, threw the the knife from a bridge. Heckert then provided Tope with some different shoes and the two took the auto to a car wash. Thereafter appellant disposed of his knife sheath. After this description was given the court questioned the officer as follows:

"Q. And were you present in Court at the trial of Ernest Richard Tope?

A. Yes, sir, I was.

Q. Were you present during the testimony given by this defendant, Timothy Allen Heckert, in the trial of that case?

A. That's correct—I was present.

Q. And is his statement given in the cause of that trial substantially the same as he has given to the Court here today and your rendition of this account today?

A. That is correct."

It is therefore evident on the record, from appellant's affirmation that he gave testimony at the previous trial and stood by it, and from the officer's narration of that testimony, that the substance of appellant's entire testimony is in the record of the plea proceeding and that the record is not deficient as contended.

Appellant relies upon *Jackson v. State*, (1975) 264 Ind. 54, 339 N.E.2d 557, in which this Court stated that in a post-conviction case in which the claim is made that trial counsel was ineffective, the petitioner in order to sustain his burden will usually be required to introduce a transcript of petitioner's entire previous trial. That is, of course, true because that entire trial provides the context in which discrete maneuvers and strategies of counsel are to be judged, and not because oral testimony at the post-conviction hearing is not admissible as proof of those maneuvers and strategies. Moreover, in that case we were dealing with the proper manner of litigating and producing an adequate record of a post-conviction claim and not with the duty of a trial judge to build an adequate record of a plea proceeding. Accordingly, we find that the form in which appellant's prior testimony entered the plea record was proper especially in light of appellant's affirmation of it and the officer having been a witness to it.

■ Appellant next argues that the record was deficient in that it did not contain a recital by the judge of the elements of the crime of second degree murder. It is true that the plea judge did not as an abstraction break the crime down into its component legal elements and discuss each one separately with appellant. However, there is no strict requirement in the case law or in the governing statute requiring that to be done. Here the charge was read aloud at the time of the plea and charged that appellant did purposely kill and murder the victim by stabbing her with a knife. There is little which could have been added to those words which would have elevated appellant's appreciation of the crime with which he was charged. The words in which the charge was stated are commonly understood and encompass the elements of the crime of murder. Appellant also testified at the plea proceeding that he understood the charge and that he understood the lesser offenses included within it and had discussed the charge with his lawyer. We are convinced that appellant's plea was made with a sufficient understanding of the nature of the charge against him. Based upon the entire record of the plea proceeding we are convinced that the factual basis for acceptance of the plea was not deficient as contended.

We, therefore, affirm the judgment.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.